D. LAKINGS, Appellant, v. THE PHOENIX INSURANCE COMPANY.

**Construction: INSURANCE.** A policy describing the insured property as "being situated on and confined to premises actually occupied by the assured," locating such premises, and an application asking for insurance on certain parts of the property "while on the premises only," should be construed together and do not cover a loss of such property while temporarily on different premises, twenty miles distant. *Peterson v. Co.*, 24 Iowa, 494; *Mills v. Co.*, 37 Iowa, 400; *McCluer v. Co.*, 43 Iowa, 349, and *Longueville v. Co.*, 51 Iowa, 553, *distinguished*.

*Appeal from Plymouth District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

SATURDAY, APRIL 6, 1895.

Action at law on a policy of insurance. A demurrer to the petition was sustained, and, the plaintiff refusing to plead further, judgment was rendered in favor of the defendant for costs. The plaintiff appeals.—*Affirmed.*

*Zink & Roseberry* for appellant.

*Sammis & Scott* for appellee.

Robinson, J.—The material facts shown by the petition and admitted by the demurrer are substantially as follows:   The defendant issued to the plaintiff a policy insuring him against loss or damage by fire on household furniture and other property for the term of five years.   During the life of the policy a portion of the property which it was designed to cover, consisting of three horses, one colt, harness, a plow, plow tongue, neck yoke, and whiffletree, twenty bushels of corn, and half a ton of hay, was destroyed by fire.   The policy was issued on an application which asked for insurance on "reapers, mowers, harvesters, and farming utensils (excepting threshing machines), wagons, buggies, and harness in buildings on premises; on grain in granaries, or in barns, in cribs, or in dwelling; * * * on horses, mules, and colts  *  *  *  while on premises only, and against loss by lightning while at large.   Situated on Sec. 4, Twp. 93, range 46, county of Plymouth, Iowa."   The application also contained the following: "I warrant the foregoing application  *  *  *  to contain a full and true description and statement of the circumstances, conditions, situation, value, incumbrance, occupation, and title to the property hereby proposed to be insured in the Phoenix Insurance Company; and I warrant the answers to each of the foregoing questions to be true."   The property was described in the policy as it was in the application, excepting that the policy insured "horses, mules, and colts on premises, and against loss by lightning while at large." The policy also contained a provision, following the specifications of the property insured and referring to it, which is as follows:   "Situated (except as otherwise

provided) on and confined to premises actually occupied by the assured, to-wit, leased acres, Sec. 4, Twp. 93, range 46, Plymouth county, Iowa." The policy was based on the application, every statement of which was made a warranty, and a part of the policy. When the policy was issued, and when the loss occurred, the plaintiff was a farmer, and kept and used the property destroyed, excepting the hay and corn, in his business, and was so using it at the time it was destroyed. At that time all of the property in question was on section 26, in township 92 north, of range 48, in Plymouth county, nearly twenty miles from the place described in the policy. All of it, excepting the hay and corn, had been taken there temporarily for the purpose of plowing. The colt was with its dam, and the hay and corn were for use in feeding the horses. The ground upon which the demurrer was sustained was that the policy covered the property destroyed only while it was on the premises described in the policy, and not at the place where the loss occurred. The appellant contends that the character of the property insured must be considered in determining the true construction of the policy; that, unless the language used prevents, the presumption is that the policy was issued with reference to the character and probable use of the property; and that, while it was used in the manner and for the purposes contemplated by the parties, the policy continued in force. He further contends that the policy does not limit the use of the property to the premises described in the policy. In *Peterson v. Insurance Co.*, 24 Iowa, 494, the property insured was described as "situated Sec. 22, Twp. 99, R. 7 west," and the only claim of the limitation was based on that description. It was held not to limit liability under the policy to loss which occurred on the section specified. It was

held in *Mills v. Insurance Co.*, 37 Iowa, 400, that a pol
icy on "live stock on premises, two hundred and twenty
five dollars, situated Sec. 7, 76, 27," was not limited to
the property while on the premises. In *McCluer v.
Insurance Co.*, 43 Iowa, 349, it appeared that the policy
in dispute was on property "contained in a frame barn
situated on the northwest corner of Alley and Eleventh
streets, Dubuque, Iowa." It was held that this descrip-
tion did not limit the liability of the insurance company
to loss which occurred in the barn, but merely indi-
cated the place where it was to be deposited when not
in use. That rule was followed in *Longueville v.
Assurance Co.*, 51 Iowa, 553, which was a case where
the property insured was described as "all contained
in two-story frame dwelling on lot 6, Newberry's subdi-
vision, Dubuque, Iowa." In these cases stress was
laid upon the use of the property which must have been
contemplated by the parties to the contract of insur-
ance. This case would be covered by the same rule if
the property insured was merely described as in or on
certain premises. But the language used in the policy
under consideration is more significant and restrictive.
It is true, there is no express provision in the policy
making it void or inoperative as to property insured
when away from the premises described. It is also
true that the description of the horses, mules, and colts
contained in the policy omits words set out in the
application. But the policy and the application together
contain the contract of insurance. The application
asks for insurance on the horses and colts "while on the
premises only." Insurance on other property is asked
in terms less restrictive, and the situation of all the
property to be insured is given. The policy insures the
hay "in stack," the farming utensils and harness "in
buildings on premises," and the horses and colts "on
premises." This is not all, however. The property

insured is further specified as "situated (except as otherwise provided) on and confined to premises actually occupied by the assured," which are described. This, we think, was intended to limit liability under the policy to loss which should occur to the property while on. the premises. The application shows that this was what was desired by the plaintiff as to the horses and colts, and the policy adopted the general provision applicable alike to all the property insured. We know of no reason why such a limitation as that is not valid. Even if it be true that the policy should be held to continue in force while the property is not on the premises described, if it is used for ordinary purposes which must have been contemplated by the parties when the policy was issued, it must be held that the policy did not cover the loss in question, for it occurred while the property was being used at an unusual distance from the place where it should have been kept. That was not an ordinary use, and could not have been contemplated by the parties when the insurance was effected. We conclude that the demurrer was properly sustained.—*Affirmed.*