VILLAGE OF L'ANSE v. FIRE ASSOCIATION OF PHILA-
DELPHIA.

FIRE INSURANCE—LOCATION OF PROPERTY.

    A policy of insurance on a steam fire-engine, hose-pipe, and
    hose-cart, while located and contained in the fire-engine
    house, "and not elsewhere," does not cover such property
    while being used in attempting to extinguish a fire several
    hundred feet from that building.[1]

Error to Baraga; Haire, J., presiding. Submitted
January 5, 1899. Decided March 6, 1899.

*Assumpsit* by the village of L'Anse against the Fire
Association of Philadelphia on a policy of insurance.
From a judgment for defendant, plaintiff brings error.
Affirmed.

*Philip R. McKernan* (*Frank E. Robson*, of counsel),
for appellant.

*Gray & Looney*, for appellee.

LONG, J. On April 9, 1896, the defendant issued its
policy of insurance to the plaintiff for the term of one
year from April 19, 1896. The policy provides that the
association does—

"Insure village of L'Anse  *  *  *  against all direct
loss or damage by fire, except as hereinafter provided, to
an amount not exceeding $1,500, to the following de-
scribed property, while located and contained as described
herein, and not elsewhere, to wit:

"$400—On the two-story frame, shingled roof, fire-
engine house, situate detached 70 feet, in the village of
L'Anse, Baraga county, Michigan.

---

[1] The location of movable property, as affecting fire insurance
thereon, is the subject of a note to *Benton* v. *Insurance Co.*, (Mich.)
as reported in 26 L. R. A. 237.

"$700—On steam fire-engine and heater attached.

"$200—On hose and hose-pipe.

"$300—On hose-cart, tools, and machinery not enumerated,—all contained in above-described building.

"$1,500—Other concurrent insurance noted."

Then follows the usual Michigan form of standard policy.

On May 9, 1896, the said steam fire-engine, hose, hose-pipe, and hose-cart, as covered by the policy, were burned and destroyed by fire. None of the above property was in the building at the time it was burned, but was being used in an attempt to extinguish a fire some 200 to 800 feet from the building. The defendant refused to pay the damages claimed by the plaintiff for the loss of the property, on the ground that, under the policy, it was insured only while contained in the building mentioned and described in the policy, and not elsewhere. The action brought to recover on the policy was tried before the court without a jury, and the court found in favor of defendant's contention, and thereupon entered judgment in its favor. Plaintiff brings error.

It is admitted by counsel for plaintiff that the case involves but the one question: What is the proper construction of the words in the policy, "while located and contained as described herein, and not elsewhere?" It is argued by counsel that the usual purpose and use by the plaintiff of a fire-engine, hose, hose-cart, and other appliances described in the policy would be to extinguish fires in the village, and that, in order to be so used, it would be, as occasion might require, temporarily out of the engine-house, which would be its place of deposit when not in use; that such use must have been contemplated by both parties to the contract; and that such use must be presumed to have been taken into consideration by the defendant in fixing the rate of premium. It is said by counsel that the words "contained in," etc., and like expressions, were in use before the adoption of the standard form of policy, and had a well-settled meaning, and, if

applied to property the natural use of which required it to be kept in one place, the insurance was lost if the property was removed to some other place, but if, however, the property was of a sort that the natural use of it required a temporary removal from the place designated in the policy, and while so temporarily absent was destroyed, it was covered by the policy; that the words "contained in," etc., were of further description, and indicated the place of deposit when the property was not temporarily absent. It is therefore contended that, in framing the standard policy, the intention was to express and adopt this construction. On the other hand, counsel for the defendant claim that, even under the old forms of policy, the insurance did not continue while the property was removed from its place of deposit, where the limitations were as contained in this policy, to wit, "while located and contained as described herein, and not elsewhere."

We think the cases cited by counsel for plaintiff clearly distinguishable from the policy in suit. Here the words are plain and unambiguous, and are not susceptible of construction other than that which the words themselves import. "While located and contained as described herein, and not elsewhere," means that the policy covered the property only while in that particular building, and did not cover it while it was anywhere else.

In *Green* v. *Insurance Co.*, 91 Iowa, 615, the words of the policy were, "while contained in the two-story brick and frame dwelling-house," etc. The court, in speaking of other cases to which its attention had been called by counsel for plaintiff, said:

"This contract is widely different from those in the cases cited. The evidence shows that the property was kept sometimes in the chapel and sometimes in the house, and parts of it used in both places; and if we assume that the parties, when making the contract, knew of this, we have additional reason for limiting the liability to losses while in the house. It is sufficient to say that the liability is thus limited, and the courts have no right to extend it."

This case was followed by *Lakings* v. *Insurance Co.*, 94 Iowa, 476 (28 L. R. A. 70).

In *Bahr* v. *Insurance Co.*, 80 Hun, 309, the limitation in the policy was, "while located as described herein, and not elsewhere, to wit, * * * while contained in the frame building occupied as a wheelwright shop," etc. The carriage was burned in a livery-stable a block and a half away from there. Judgment for plaintiff was had below, and the court said: "This judgment cannot stand. The location of the insured property was a warranty, a breach of which avoided the policy."

This rule was recognized by this court in *Wildey* v. *Insurance Co.*, 52 Mich. 446, and *English* v. *Insurance Co.*, 55 Mich. 273 (54 Am. Rep. 377).

The court below was not in error in entering judgment in favor of defendant. That judgment must be affirmed.

The other Justices concurred.