(32 Misc. Rep. 685.)

## LEVENTHAL v. HOME INS. CO. OF NEW YORK.

(Supreme Court, Appellate Term. November 7, 1900.)

FIRE INSURANCE—LOCATION OF PROPERTY—CONDITION IN POLICY.

> Where a fire policy covering household linen and wearing apparel stipulates that it only covers the property while in a certain building, a recovery cannot be had for loss to such property while hanging on a clothesline between the building mentioned in the policy and another building, in which the fire originated.

Appeal from municipal court, borough of Manhattan.

Action on a fire policy by Hyman Leventhal against the Home Insurance Company of New York. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Richards & Heald, for appellant.

A. Finelite, for respondent.

PER CURIAM. This action is brought upon a fire insurance policy issued by defendant. The policy, by its terms, covered "household furniture, * * * bedding, linen, wearing apparel, * * * the property of the assured, or any members of the family, contained in the brick building occupied as a dwelling situate at No. 228 East Broadway, in this city." The policy stipulated that the insurance should attach and cover the property "while located and contained as described herein, and not elsewhere." The property destroyed, consisting of household linen and wearing apparel, was at the time of the fire not within the house, but hanging upon a clothesline running from the rear of the building mentioned in the policy to a building. fronting on Division street. There was a frame extension to the Division-street building. The fire which injured plaintiff's property originated in this extension. Upon this state of facts, the justice awarded judgment to the plaintiff for the amount of his loss. In this he erred. Nothing is better settled in the law of fire insurance than that the description of the place of deposit of the property written into the policy and accepted by the insured is a warranty by him of its particular location, and that the truth of the warranty becomes a condition precedent to any liability to him from the insurer. Bryce v. Insurance Co., 55 N. Y. 240; Bahr v. Insurance Co., 80 Hun, 309, 29 N. Y. Supp. 1031. It is a well known and firmly established rule, as from the very nature of the contract it must be, that the place where the personal property covered by insurance is kept is of the essence of the contract, since by that fact is the character of the risk largely determined. Hence the property is deemed to be covered by the insurance only while in the place described. The present case furnishes an apt illustration of the necessity for the enforcement of such a rule. The property was insured while in the building described in the policy. It was destroyed while outside the building, and in consequence of a fire originating in another building. If the property had remained in the place specified in the policy, it need not have been injured by this particular fire, and the loss upon which

this action is founded would not have accrued. It is clear that the property was not at the time of the fire contained within the building specified in the policy. There is nothing in the policy from which the liability can be extended beyond the four walls of the building. To so extend it would be to make a new contract for the parties, and this the court cannot do. For these reasons the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.