UNITED STATES FIRE INSURANCE CO., A CORPORATION, *Plaintiff in Error*, v. MRS. T. D. DICKERSON, JOINED BY J. W. DICKERSON, AS HER NEXT FRIEND, *Defendant in Error.*

Opinion Filed December 17, 1921.

1. Objections to evidence should be specific, clearly indicating not only the grounds of objection but the particular part of the document, or thing introduced, or statement of the witness to which the objection is deemed to be applicable.

2. A motion to strike evidence which is deemed inadmissible should be confined to that part of the evidence which is objectionable and not be directed to the entire statement or testimony of the witness as a whole.

3. Section 4263 Revised General Statutes which provides for the payment of attorney's fees to the plaintiff by an insurance company or association which unsuccessfully defends an action upon a policy of insurance issued by it is valid as an appropriate police regulation of a business affected with a public interest.

4. Attorney's fee provided for by statute to be paid by insurance companies, corporations or associations which unsuccessfully defend actions upon policies of. insurance issued by them, should be demanded in the declaration, as if the action sought to enforce a penalty.

5. Where a declaration upon an insurance policy does not contain a clause demanding the payment to plaintiff of an attorney's fee or alleging what sum is under the circumstances a reasonable attorney's fee, evidence upon the subject is inadmissible and judgment should not be entered therefor, but in such case if the parties during the trial agree among themselves, either in writing or orally, upon a sum to be paid by the defendant as a reasonable attorney's fee in the event of judgment for the plaintiff the judgment will not be reversed because it adjudges the payment of such attorney's fee.

6. In an action upon a fire insurance policy insuring against loss or damage to personal property by fire, where the policy contains a clause to the effect that the property described in the policy is to be covered by the insurance only while the property is located and contained in a certain building, it is error to refuse to instruct the jury that it should not consider the value of any property destroyed and described in the policy which at the time of its destruction was located in a building other than the one named in the policy.

7. Where a correct instruction is requested and refused it will not be deemed to be reversible error if the same benefit sought by the complaining party in the instruction requested is obtained by an instruction given by the court in its general charge.

8. Under a plea, to a declaration upon a fire insurance policy, averring that the plaintiff was guilty of false swearing in the proof submitted by her of the property which she claimed was destroyed, it is not error to instruct the jury that the plea set up an affirmative defense and the burden was upon the defendant under it to show not only that the plaintiff swore falsely, but that the oath was made for the purpose of deceiving and defrauding the defendant.

9. The charge of the Court in its entirety upon any one phase of the case should be considered before it can be detetrmined that a particular requested charge upon an isolated point was erroneously refused. If the charge considered as a whole is

without error and covers the point embraced in the refused instruction the refusal to give the special instruction is not reversible error.

10.  Evidence examined and found sufficient to support the verdict.

A Writ of Error to the Circuit Court for Orange County; C. O. Andrews, Judge.

Affirmed.

*Knight, Thompson & Turner*, and *Davis & Giles*, for Plaintiff in Error;

*Dickinson & Dickinson*, for Defendant in Error.

ELLIS, J.—This was an action brought by Mrs. T. D. Dickerson in which she was joined by J. W. Dickerson, her next friend, against the United States Fire Insurance Company upon a fire insurance policy issued to her by the above named company in the sum of $1,500.00 upon the household and kitchen furniture, family wearing apparel, traveling equipment, books, musical instruments, pictures, engravings, fire arms, bicycles, bronzes, statuary, articles of virtu, jewelry in use, household stores and other articles used in housekeeping, only while contained in the two story frame building and its additions with shingle roof, occupied as a dwelling house by tenant "situate No. detached on the south side of Orlando-Oakland Brick Road in western portion of Winter Garden, Florida."

The declaration alleged that on the 27th of February, 1919, which was about one month after the policy was issued, that the plaintiff's property as described in and

covered by the said policy of insurance "was burned and destroyed by fire and damaged and loss was thereby occasioned to the said plaintiff to the amount of $1500 in such circumstances as to come within the promise and undertaking of said policy." It was further alleged that the defendant had due notice of the loss on the 7th day of March following, yet the defendant had not paid to the plaintiff the amount of the loss and damage sustained by her.

The Insurance Company by its attorneys interposed four pleas which were in substance as follows: first, that the plaintiff, Mrs. Dickerson, was guilty of fraud touching the subject matter of the insured in that after the policy went into effect she removed many of the articles insured under the policy from the building at the place where the property was insured and that much of the property was not in the building at the time of the fire mentioned in the declaration; second, that the property insured had ceased to be contained in the building described in the policy at the time of the fire; third, that the fire was intentionally caused or procured by the plaintiff. The fourth plea averred that the policy contained the following provision: "This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject thereof, whether before or after loss." That the plaintiff swore falsely after the fire touching the loss, alleged to have been sustained by her, in that, in the proof of loss filed by her she stated that no articles were included in the schedule attached to her proof of loss that did not belong to her or were not con-

tained in the building and damaged or destroyed by fire, that no property had been concealed which had been saved and that no attempt had been made to deceive the insurer in any manner as to the cause or extent of her loss, that in the schedule submitted to the company as a basis of plaintiff's claim there were many articles not owned by her and many articles not in the building at the time of the fire and the plaintiff knowingly and wilfully swore falsely as averred with intent to deceive the defendant. The plaintiff joined issue upon these pleas and the cause came on for trial in the Circuit Court for Orange County.

There was a verdict and judgment in the sum of $750.00 and attorney's fees of $225.00. The Insurance Company seeks by writ of error to reverse the judgment and assigns nineteen errors, of which the fourth, seventh, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, seventeenth and eighteenth appear to have been abandoned. The first and second assignments of error grew out of the introduction in evidence by the plaintiff of a list of the property alleged to have been destroyed with the alleged value set down opposite each article on the list. The defendant objected to the statement of the value only upon the ground that the figures did not represent the value the plaintiff placed upon the articles but that it was her's and her son's joint judgment; that the value given in the statement was hearsay which she obtained from various dealers and that the value set opposite the articles was an estimate of the value of the new articles and does not purport to give the value of the articles at the time and place of destruction. This objection was raised to a question propounded by plaintiff's counsel to the plaintiff who was a witness in her own behalf, which question was as follows: "Did you get any estimate of its present day value at the

time it was destroyed or for new silver?" To this question the witness answered as follows: "New silver is what I priced." Her counsel enquired "And you know this is correct?" To this question there was no objection, although it is made the basis of two assignments of error. To the question the witness answered "Yes sir I do." The record then shows the following entry "Objection is overruled. Defense excepts." Thereupon the list was filed in evidence and marked Plaintiff's Exhibit "B". The defendant's objections in the one case relating to the present day value of the property destroyed as shown on the list was followed by no motion to strike the plaintiff's testimony in this regard nor to strike the list of articles and alleged value of each showing thereon and as to the other there was neither objection nor exception. The two assignments of error have no basis in the record because it does not appear that even if Mrs. Dickerson did enquire and obtain estimates of the present day value of her destroyed silver that such value was placed by her upon the statement, and, secondly, that the statement in its entirety was admitted without objection except in so far as the objection related to the value set opposite to each article of silver on the list, alleged to have been destroyed and as the statement contained many items of household and kitchen furniture, articles of jewelry, wearing apparel and other articles as are generally used in housekeeping, as well as articles of silver, the objection was properly overruled. As to the second assignment resting upon the witness' answer to the question "And you know this is correct?" there was neither objection or exception.

An objection to evidence as a whole, part of which is admissible, is properly overruled, and if part of a witness' answer is admissible and part inadmissible a motion to

strike the answer is properly refused unless it is confined
specifically to the inadmissible part. An objection to evi-
dence should be specific. If any portion of the list of
articles alleged to have been destroyed or the value thereof
was improper or based upon hearsay evidence or repre-
sented the valuation placed thereon to have been by another
person than the plaintiff whose statement it purported to be
or contained any other defect as a medium of proof, the
objection of counsel should have been confined to that
portion of the statement which was deemed to be objec-
tionable. See Hoodless v. Jernigan, 46 Fla. 213, 35 South.
Rep. 656; Anthony v. State, 44 Fla. 1, 32 South. Rep. 818;
McKinnon v. Johnson, 57 Fla. 120, 48 South. Rep. 910;
A. C. L. Ry. Co. v. Partridge, 58 Fla. 153, 50 South. Rep.
634; Freeman v. State, 50 Fla. 38, 39 South. Rep. 785;
Platt v. Rowand, 54 Fla. 237, 45 South. Rep. 32; Ward v.
State, 75 Fla. 756, 79 South. Rep. 699.

Counsel for plaintiff in error in their brief argue the
first and second assignments of error as if proper objection
had been made and exception taken to the written state-
ment of the witness consisting of a list of articles alleged to
have been destroyed and the value of each. But the record
discloses that no such objection was made and no exception
taken to the filing of the list in evidence. At the trial the
witness seems to have been questioned only as to the articles
of silver described on the list and defendant's attorney
seems to have been concerned only with the value of such
articles but did not confine his motion to the elimination of
such articles from the list. It is contended in the brief
that no predicate was laid for the introduction of the state
ment in evidence, but no objection was made to its intro-
duction upon this ground.

The third assignment of error rests upon the order over-

ruling defendants objection to the introduction of testimony as to a reasonable attorney's fee. The plaintiff called as a witness an attorney at law living in the City of Orlando for the purpose of proving what amount would be a reasonable attorney's fee to be allowed the plaintiff in the event of recovery in this cause. The defendant objected to the introduction of such evidence upon the ground that the declaration had made no claim of any kind or character for attorney's fees and that the defendant had come to trial "without intention of having to meet" that issue because the declaration had made no allegation as to a reasonable attorney's fee and had claimed none. It is contended by defendant's counsel that in an action upon a fire insurance policy if the plaintiff expects to recover a reasonable attorney's fee under the statute it is necessary that the declaration shall contain an allegation as to the attorney's fees incurred, or as to what sum would be under the circumstances a reasonable attorney's fee and claim should be made therefor. It is argued that even though the statute makes provision for the collection of attorneys' fees in case of litigation upon a fire insurance policy and that the payment of attorney's fees in case of suit upon the policy where the plaintiff is successful is a statutory contractual liability merely, that a basis should be laid in the declaration for the recovery of such fees by a claim therefor, or by an allegation as to what would be a reasonable attorneys' fee as much so as if the policy of insurance had expressly provided for the payment of attorneys' fees. That in principle there is no difference between an action of this kind upon a policy of insurance where the statute provides for attorneys' fees in the event of the recovery of a judgment by plaintiff and where a person brings an action upon a promissory note which contains a provision for the payment of attorneys' fees.

15—Vol. 82

The statute provides that upon rendition of a judgment or decree by any of the courts of this State against any life or fire insurance company in favor of the holder or holders of any policy of insurance written by such company, there shall be adjudged or decreed against such insurance company and in favor of the holder or holders of such policy a reasonable sum as fees and compensation for his or their attorneys or solicitors prosecuting the suit in which the recovery is had. The statute directs that the sum to be allowed as compensation in chancery cases shall be ascertained and fixed by the Court and in common law actions that the jury shall ascertain such sum from testimony adduced for that purpose, and the act provides that the sum so allowed shall be included in the judgment or decree rendered against such companies. It has been held in several cases in this State that the section of the statutes referred to is constitutional and valid. See Sec. 2774 Florida Compiled Laws, 1914, Sec. 4263 Revised General Statutes of Florida, 1920; Supreme Lodge K. P. v. Lipscomb, 50 Fla. 406, 39 South. Rep. 637; L'Engle v. Scottish Union & National Fire Ins. Co., 48 Fla. 82, 37 South. Rep. 462. In 1917 the Act was amended by eliminating the words "life or fire insurance companies" and inserting the words "persons, companies, corporations, co-partnerships, associations, fraternal benefit societies or others." See Chapter 7295 Acts of 1917.

In the case of Supreme Lodge K. P. v. Lipscomb, *supra*, it appears that no claim was made in the declaration for attorneys' fees under the statute, while in the case of L'Engle v. Scottish Union & National Fire Ins. Co., *supra*, claim was made in the declaration for attorneys' fees. In each case attorneys' fees were allowed, but the specific point raised in this case is not presented in either of these two.

The attorneys' fees provided for in our statute is in the nature of a penalty, although not such strictly speaking. The statutes are sustained under the doctrine that attorneys' fees may be imposed upon the delinquent insurance company under the police power of the State as a kind of penalty incurred in the conduct of a business affected with a public interest. The case in this State which first held the Act of 1893, Chapter 4173, to be valid, was Tillis v. Liverpool & London & Globe Ins. Co., 46 Fla. 268, 35 South. Rep. 171. There it was held that the principles announced in the case of Farmers' & Merchants' Ins. Co. v. Dobney, 189 U. S. 301, 47 L. Ed. 821, 23 Sup. Ct. Rep. 565, controlled the case then before the Court where a motion was made to strike an amendment to the declaration in which attorneys' fees were claimed under the statute. The Court held that if the statute was consistent with the provisions of the State and the Federal Constitutions the motion should be denied, and held the lower court to have erred in striking the amendment. Mr. Justice White, speaking for the Supreme Court of the United States in the case above referred to, in which was involved the Nebraska Statutes upon the subject under consideration, maintained that the statute was valid upon the ground of the right of a State to prescribe the conditions upon which an insurance company shall contract business within its borders, and that the classification of insurance contracts separately from other contracts was the exercise of a lawful power. In that case a sub-classification made by the statute was involved where the statute provided for attorneys' fees to be paid the plaintiff in case of the unsuccessful defense by the insurance company of a suit on a policy of insurance covering real property which had been totally destroyed by the cause insured against. It was contended that as no provision

was made for the payment of attorneys' fees in cases of destruction of personal property no reason existed on which to base the classification. It was pointed out by the learned Justice that the distinction between real and personal property has in all systems of law constantly given rise to different regulations concerning such property and that difference of relation might arise between the insurer and the insured depending upon whether the property insured had been only partially damaged or totally destroyed. In the one case the amount due under the policy was fixed and determined by the parties and the question of legal liability would be the only difference that could arise; but in the case of the partial destruction of personal property a difference in good faith could arise between the insured and insurer as to the value of the property destroyed, and therefore the sub-classification could not be said to be arbitrary. The Nebraska Statute seemed to contemplate the imposition of the penalty when the question between insurer and insured was one of law merely, but where there could be a reasonable difference of opinion between the parties on a question of fact such as a valuation of the property alleged to have been destroyed, that it was not the purpose of the legislature to impose the penalty. Under the Nebraska practice attorneys' fees in such cases can not be recovered unless it is demanded in the petition and the matter is presented to the trial court, but if the attorneys' fees are not demanded or prayed for in the petition they will be allowed if demanded in writing by the plaintiff at the time of the rendition of the judgment, but such demand would then be regarded as an amendment of the prayer of the petition. See Hartford Fire Ins. Co. v. Corey, 53 Neb. 209, 73 N. W. Rep. 674.

Our statute provides for the penalty to be paid by the insurance company which unsuccessfully defends an action upon a policy of insurance issued by it where the property destroyed is real estate or personal property, and where the same is wholly or partially destroyed. In every case where an insurance company unsuccessfully defends an action against it upon a policy issued by it, it is liable for attorneys' fees whether the defense is one of law as to the company's liability under the policy, or one of fact as to the amount of the damages. It would seem therefore that the correct practice is to make a claim in the declaration for attorneys' fees under the statute. Such is the practice when a person under a statute seeks to enforce a penalty. There is no reason why in cases of this character that a demand for the payment of reasonable attorneys' fees should not be included in the declaration to the end that the defendant might be notified of the amount claimed and be prepared to submit its cause upon that point as well as upon the value of the property destroyed and its liability under the policy issued. If the judgment should be reversed upon this point, however, it would be reversed with directions to permit the plaintiff to file an amendment to his declaration and claim a reasonable attorneys' fee and as ascertainment of an amount by the jury to be empaneled for that purpose; but in this case as the parties through their counsel have admitted that the amount of $220.00 or $250.00 would be a reasonable attorneys' fee in the case, there is no reason for reversing the judgment and allowing the defendant an opportunity to submit evidence upon the point.

The fifth assignment of error rests upon the ruling of the Court sustaining an objection to certain evidence proffered by the defendant. The defendant proffered to prove

by a witness offered in its behalf that Mr. Dickerson, the husband of Mrs. Dickerson, earned about $75.00 per month, and that the salary that "would probably have been paid to him subsequently to 1914" was not sufficient to have enabled him to support his family and purchase the articles which were alleged to have been destroyed. The plaintiff objected to the evidence proffered, and the Court sustained the objection. No plea presented by the defendant raised any question as to the plaintiff's ownership and possession at the time of the fire of any of the articles contained in the list of articles alleged to have been destroyed, except the fourth plea which averred that in the schedule submitted to the defendant as a basis of the plaintiff's claim there were many articles included that were not owned by the plaintiff and that her oath as to the ownership of such property when she filed the claim was false. The relevancy of the testimony offered, however, is not at all apparent and was properly excluded.

The sixth assignment of error rests upon an order denying a motion made by the defendant at the conclusion of all the testimony to direct the jury not to take into consideration any of the property located at what is designated in the evidence as the "plunder house" because the evidence shows that the property was removed from the dwelling and was not in any way connected therewith. We think that the denial of this motion was error because the contention of defendant that much if not all of the property insured under the policy was at the time of the fire contained in another building different from that in which the property was insured was presented by two pleas and issue was joined thereupon. Evidence shows that this plunder house, or little house with two rooms, was located near the dwelling, but not a part of it, and was destroyed

at the time the dwelling was destroyed. The Court declined to grant plaintiff's motion upon the ground that the jury might have considered the small house as one of the additions to the dwelling house. But there is no evidence tending to show such to be the case, because the plaintiff herself referring to the small house said that Mr. Swankey owned the house in which she lived, and that he had "one room near my house that had two rooms. A little house with two rooms." This little house is the one referred to. It appeared from the evidence to have been not only not an addition to the main house nor appurtenant to it, but not even under control of the person occupying the dwelling house, the plaintiff. The motion should have been granted not only because the question of the location of the property alleged to have been destroyed was presented by the two pleas, but the averments contained in those pleas were a complete defense to the plaintiff's claim, at least in so far as the "plunder house" contained property of the plaintiff which was included in the policy of insurance. See Lakins v. Phœnix Ins. Co., 94 Iowa 476, 62 N. W. Rep. 783, 28 L. R. A. 70; Village of L'Anse v. Fire Ass'n of Philadelphia, 119 Mich. 427, 78 N. W. Rep. 465, 43 L. R. A. 838, 75 Am. St. Rep. 410; Leventhal v. Home Ins. Co. of New York, 32 Misc. Rep. 685, 66 N. Y. Supp. 502; 3 Joyce on Insurance, Sec. 2068; 2 Cooley on Law of Insurance, 1618.

The language of the policy of insurance in this case shows that it was the intention of the parties that the property should remain in the dwelling house and such undertaking was a warranty. The language of the policy was that the company in consideration of the stipulations named and the premium paid, insured Mrs. Dickerson for the term of one year against all direct loss or damage by fire to the property described "while located and contained

as described herein and not elsewhere.'' Then follows a description of the property and the words ''only while contained in the two story frame dwelling and its additions with shingle roof occupied as a dwelling house by tenant.''

The eighth assignment of error rests upon a charge given by the Court at the request of the plaintiff which in substance instructed the jury that under the first plea interposed by the defendant it devolved upon the defendant to prove by a preponderance of the evidence that some of the articles insured were not in the dwelling house, but were in an outhouse within a short distance, and that the fact if established would not vitiate the policy, but only operate to reduce the liability of the defendant company to the amount of the value of such articles as they should find from the evidence to have been in said outhouse. This instruction was correct, and corrected the Court's error in denying the motion to instruct the jury not to take into consideration the articles contained in the plunder house, which was the basis of the sixth assignment of error.

The ninth assignment of error attacks the sixth charge given by the Court under the fourth plea interposed by the defendant which averred that the complainant was guilty of false swearing in the proof submitted by her of property which she claimed to have been destroyed by fire and which averred that no property was included in the statement that did not belong to her, or were not contained in the building destroyed by fire, and that no property had been concealed and no attempt made to deceive the insurer in any manner as to the cause or extent of the loss. The Court instructed the jury in effect that the plea set up an affirmative defense and that the burden was upon the defendant to prove to the jury's ''satisfaction by a preponderance of the evidence'' the averments of the plea and that the de-

fendant would be required to show not only that the plaintiff swore falsely, but that her oath was knowingly and wilfully false and made for the purpose and with the intent of deceiving and defrauding the defendant. This instruction was correct and contained no statement that was in variance with the law in such cases, or the issues tendered by the plea. The authorities cited in plaintiff's brief, namely: Richards on Insurance Law, 3 Ed. Sec. 250, also Clement on Fire Insurance as a Valid Contract, 275. See also, 4 Cooley's Briefs on the Law of Insurance, 3412-3425, support the charge. The charge complained of was not erroneous in that it announced the doctrine that the element of fraud must be present in any false swearing by the complainant in the proof of loss. The courts almost without exception hold to the doctrine that in order to vitiate a claim for loss of property under a fire insurance policy by false swearing as to the goods destroyed or damaged, the element of fraud must be present, and in this respect the charge as given by the Court is in line with the authorities in this country.

The sixteenth assignment, and the last one discussed, rests upon the Court's refusal to grant the fifth charge as requested by the defendant.

The charge was to the effect that if the insured did not herself make the proof of loss with the inventory attached thereto, but entrusted the making of the same to some other person, it was her duty before she signed and swore to the same to see that the facts therein stated were truthfully stated, and that if the jury should find from the evidence that the proof of "loss in question was not made by the insured but by some other person," then it was the duty of the insured before signing and swearing to the same to see that it was correct and free from fault or

misrepresentation, and that if the jury found from the evidence that the insured knowingly misrepresented any of the facts concerning the destroyed property it would be their duty to find for the defendant.

The charge drafted, so far as the last paragraph · of it is concerned, embraced in substance the same idea as was contained in the sixth charge given by the Court, but it was misleading in that it informed the jury that misrepresentation as to any fact concerning the defendant's property would vitiate the policy. The rule is that if there is a wilful misrepresentation of any material fact concerning the destroyed property the policy would be vitiated under the clause referred to. Considering the charge of the Court in its entirety we think that it fairly and correctly presented the law as it was applicable to the facts

Under the last assignment of error counsel for plaintiff discussed the evidence and contended that it was not sufficient to support the verdict. There is considerable evidence in the record which might justify the contention of counsel that Mrs. Dickerson in reality suffered a loss in the destruction of the property insured much less than her claim. That some property had been removed from the building which she occupied as a dwelling, and that her statement of the loss she suffered was inaccurate, if not deceptive, but her claim was for $1500.00, while the jury considering all the evidence in the case made due allowance for the property which was saved and that which was removed, and awarded her only 50% of her claim.

The evidence in this case when considered from the viewpoint of the plaintiff in error seems in many places to be obnoxious to criticism and almost sufficient to warrant the accusation of fraud on the part of the plaintiff, but when

regarded in the light of the rule which requires that the verdict of the jury shall stand when there is in the record substantial evidence enough to support it, it seems to be sufficient to serve the purpose of the rule, because the evidence is of such character that reasonable men might differ in opinion as to whether the issue should have been found for one party or the other. See Bayshore Development Co. v. Bonfoey, 75 Fla. 455, 78 South. Rep. 507.

Having discovered no reversible error in the record, the judgment is hereby affirmed.

WHITFIELD, J., Dissenting in Part.—In Seaboard Air Line Ry. Co. v. Buechler, filed June 30, 1921, it was held that the 50% interest and attorney fees allowed by statute for failure of railroad companies to promptly adjust claims for freight lost or damaged in transit, being in the nature of penalties and not a part of the damages sustained, should be claimed in the declaration and are not covered by the *ad damnum* clause when not specifically claimed or demanded.

In this case the action is on an insurance policy for a $1,500.00 fire loss. The plaintiff did not claim attorney fees in her declaration, but merely claimed ''damages in the sum of $3000.00.'' The statute authorizes the recovery of ''a reasonable'' attorney's fee; but it must be found in the verdict upon testimony adduced, and testimony is taken only upon issues duly made in the pleadings. The verdict and judgment awarded the plaintiff $750.00 and interest and $225.00 attorney fees. At the trial the defendant objected to testimony as to attorney fees as it was not claimed in the declaration and defendant had no notice thereof. The objection was overruled. When testimony

was being taken as to a reasonable attorney fee counsel for the defendant admitted the attorney fees as testified to to be reasonable, ''except for the point he wanted to make'' *viz*: that they were not claimed in the declaration.  The consent as to the amount of the attorney fees obviously had reference to a recovery of the entire claim of $1500.00, and only if it be lawful to recover any attorney fees when not claimed in the declaration.

It does not appear that the declaration was amended to cover attorney fees.  If it can now be conceded that it is not necessary to claim attorney fees in the declaration, the amount awarded as attorney fees does not accord with the agreement as to the amount that would be ''reasonable'' and at least an appropriate remittitur should be made as to attorney fees, the recovery being $750.00 and not $1,500.00.

BROWNE, C. J., joins in this dissent.