57 So.2d 581 (1952)
FELLER et al.
v.
EQUITABLE LIFE ASSUR. SOC. OF THE UNITED STATES.
Supreme Court of Florida, en Banc.
February 29, 1952.
Rehearing Denied April 3, 1952.
*582 Granat & Frank, Miami Beach, for appellants.
Shutts, Bowen, Simmons, Prevatt & Julian, L.S. Julian and Richard E. Cotton, all of Miami, for appellee.
PER CURIAM.
Four suits were filed in the Civil Court of Record by the appellants to recover claimed disability benefits provided for under four policies issued by The Equitable Life Assurance Society of the United States, the appellee here. Soon thereafter The Equitable Life Assurance Society of the United States, the appellee, filed suit in the Circuit Court where an injunction was sought and obtained against the prosecution of the four suits in the Civil Court of Record. Thereupon the appellants filed a counter-claim for certain disability benefits under the policies which had been claimed in the suits in the Civil Court of Record. The suit in the Circuit Court by The Equitable Life Assurance Society of the United States, the appellee here, culminated in a final decree in favor of appellants awarding them the sums of money involved in the counter-claim, except counsel fees which were sought by the appellants in their counter-claim. This appeal was taken solely from that part of the decree denying relief as to counsel fees.
The contracts were executed in a foreign state, and afterward, the insured moved to Florida where liability under the policies attached. It was, to quote the master's findings, "admitted by counsel for all parties" that there was no law in the state where the contracts were made, similar to Sec. 625.08, Florida Statutes 1949, and F.S.A. This statute provides that there shall be included in any judgment or decree in favor of a beneficiary against an insurer a reasonable sum to compensate the insured's attorney.
The one dominant question to be decided in this case is: where an insurance contract is made in another state in which there is no law allowing attorney's fees, but the insured moved to Florida and became a resident of Florida, paid premiums while such resident of Florida, and the insurance company complied with the laws of Florida with reference to foreign corporations and insurance companies, may the insured obtain a judgment for attorney's fees under Section 625.08, F.S.A.?
Each of the insurance policies contained the following:
"There Are No Restrictions under this policy on travel, residence, occupation, nor on military or naval service, except as provided in Paragraph 1, on the third page hereof. * * *
"It is not necessary to employ any person, firm, or corporation to collect the insurance *583 or secure any benefit under this policy. Write direct to the Society, 393 Seventh Avenue, New York, or communicate with the nearest authorized agent of the Society whose duty it is to facilitate all settlements without charge."
The appellee is a foreign corporation organized under the laws of the State of New York but has complied with the laws of the State of Florida with reference to such foreign insurance companies and has been authorized to do business in Florida as such since September, 1915.
The Florida Statute in question is Section 625.08, which reads as follows:
"Upon the rendition of a judgment or decree by any of the courts of this state against any insurer in favor of the beneficiary under any policy or contract of insurance executed by such insurer, there shall be adjudged or decreed against such insurer, and in favor of the beneficiary named in said policy or contract of insurance, a reasonable sum as fees or compensation for his attorneys or solicitors prosecuting the suit in which the recovery is had.
"The amount to be recovered for fees and compensation for attorneys and solicitors against such insurer shall be ascertained and fixed by the court in chancery cases or a jury in common law actions, from testimony adduced for that purpose, and shall be included in the judgment or decree rendered in such cases." (Emphasis supplied.)
In the case of New York Life Ins. Co. v. Lecks, 122 Fla. 127, 165 So. 50, 53, this Court speaking through Presiding Justice Ellis quoted with approval from the case of United States Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 So. 613, 616, and said: "In the latter case it was held that fees provided for are in the nature of a penalty, although not such strictly speaking. It was said in that case that such statutes `are sustained under the doctrine that attorney's fees may be imposed upon the delinquent insurance company under the police power of the state as a kind of penalty incurred in the conduct of a business affected with a public interest.' In that case it was pointed out that the statute provides in every case where an insurance company unsuccessfully defends an action against it upon a policy it is liable for attorney's fees, whether the defense is one of law as to the company's liability under the policy or one of fact as to the amount of damages."
Justice Ellis' opinion was concurred in by all of the Justices.
In United States Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 So. 613, 616, the Court said:
"The attorney's fees provided for in our statute are in the nature of a penalty, although not such strictly speaking. The statutes are sustained under the doctrine that attorney's fees may be imposed upon the delinquent insurance company under the police power of the state as a kind of penalty incurred in the conduct of a business affected with a public interest. * * *
"Our statute provides for the penalty to be paid by the insurance company which unsuccessfully defends an action upon a policy of insurance issued by it".
This provision of the Florida Statute was construed by the United States Circuit Court of Appeals for the Fifth Circuit in the case of Fidelity-Phenix Fire Ins. Co. of New York et al. v. Cortez Cigar Co., 92 F.2d 882, 885. In that case the Court said: "The Florida statute, (Compiled General Laws, § 6220) about attorney's fees requires that when a judgment is rendered for the plaintiff in any suit upon a policy of insurance `In any of the courts of this State', a reasonable attorney's fee for the plaintiff shall be included in the judgment. This statute is plainly a procedural one limited to the courts of Florida. It will of course be applied by Federal courts in Florida, but it has no force outside of Florida in either State or Federal courts. The statute adds no incident to Florida insurance contracts. It applies to suits in Florida courts on insurance contracts made anywhere. Its policy is to discourage the contesting of policies in Florida courts, and to reimburse plaintiffs reasonably their outlays for attorney's fees when suing in Florida courts. The right to this reimbursement is not *584 inherent in the contract, but is an incident of a Florida suit on an insurance contract made anywhere. The federal cases cited above do not touch the enforcement of this statute outside of Florida, but they all relate to the enforcement of such statutes within the State that made them. The very language of the Florida statute confines it to Florida and litigation in Florida." (Emphasis supplied.)
In the last cited case a petition to the Supreme Court of the United States for certiorari was denied on January 31, 1938, 303 U.S. 636, 58 S.Ct. 521, 82 L.Ed. 1096. It, therefore, appears that the Circuit Court of Appeals for this District in a case affirmed by the United States Supreme Court has declared that this provision of the Florida Statute is a procedural one, limited to Florida courts. The policy is to discourage the contesting of policies in Florida courts and to reimburse plaintiffs reasonably for their outlays for attorney's fees when suing in Florida courts. There is no limitation in the statute or in the opinion above cited as to whether the insurance company must be a domestic or a foreign insurance company. This holding of the Federal court is in line with the holdings of this Court that the attorney's fees provided for are in the nature of a penalty. They are sustained under the doctrine that they may be imposed under the police power of the State as a penalty incurred in the conduct of a business affected with a public interest. United States Fire Ins. Co. v. Dickerson, supra. Pendas et al. v. Equitable Life Assur. Soc. of United States, 129 Fla. 253, 176 So. 104, 112 A.L.R. 1051.
The appellee relies upon the case of Aetna Life Ins. Co. v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342. In that case a policy had been issued in Tennessee. The insured moved to Texas and while residing in Texas exercised his option to convert the policy to a 20-payment Life Commercial Policy. In due course suit was brought on this policy and the judgment provided for "together with the statutory penalty of 12% and an attorney's fee". The Court held that even though converted in Texas it was based on the first policy issued in Tennessee and constituted a Tennessee contract and that the law of Tennessee entered into and became a part of it. The Court held erroneous that part of the judgment which gave effect to the Texas Statute by imposing a penalty of 12% and allowing attorney's fees. This case was decided December 15, 1924, and the case of Fidelity-Phenix Fire Ins. Co. of New York, et al. v. Cortez Cigar Co., supra, was affirmed on January 31, 1938.
The Texas Statute is entirely different from the Florida Statute. In plain and unambiguous words, the Texas Statute attempts to make the statute a part of every contract of insurance payable to any citizen or inhabitant of that state by any insurance company doing business in that state. The Texas Statute is as follows: "Any contract of insurance payable to any citizen or inhabitant of this state by any insurance company or corporation doing business within this state shall be held to be a contract made and entered into under and by virtue of the laws of this state relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed, and the premiums and policy (in case it becomes a demand) should be payable without this state, or at the home office of the company or corporation issuing the same." Vernon's Ann.Civ.St. art. 5054.
It, therefore, appears that the Texas Statute in so many words was intended to create a substantive right and be a part of every contract.
Appellee also relies upon the case of New York Life Ins. Co. v. Miller, 139 F.2d 657. That case was decided by the Eighth Circuit Court of Appeals on January 12, 1940, and construes an Arkansas Statute which was similar to the Texas Statute. It is not an authority in this case.
Another case cited by the appellee upon which great reliance is placed is that of Orlando Candy Co. v. New Hampshire Fire Ins. Co., D.C., 51 F.2d 392, 393. In that case an action was instituted upon a fire insurance policy in the State Court *585 and was removed to the United States District Court. The question there presented was whether or not attorney's fees were recoverable under the Florida Statute when judgment was rendered in a Federal Court instead of a State Court. This case was decided by Judge Strum and was not appealed. In the course of his opinion, Judge Strum stated:
"The statute here under consideration, however, is of a vitally different character. The statute imposes a liability for judicially determined delinquency on the part of an insurer in the payment of its obligation. U.S. Fire Ins. Co. v. Dickerson, supra. A corresponding right of recovery necessarily arises in favor of the beneficiary. The right thus created in favor of the beneficiary is a substantive right, and a remedy for its enforcement in the state courts is clearly provided. The question here is whether or not the statutory liability and the corresponding right in the benficiary may be enforced in a court of the United States.
"By executing the policy, the insurance company assumes the statutory liability and acquiesces in the corresponding right created in the beneficiary. The statute in effect becomes a part of the contract, because the parties contract subject to the terms of the statute. The liability imposed by the statute upon the insurer is in effect an incident of the insurer's wrongful refusal to pay, not a mere procedural incident to the entry of the judgment.
"In imposing the statutory liability, from which flows the substantive right under consideration, the Florida Legislature used the most comprehensive and expansive language it could, with propriety, employ. It would have added nothing to the effect of the statute had the Legislature added after the phrase in question `or by any court of the United States.' Such a provision would have been incongruous. * * *
"There may be instances in which, when an action is removed from state to federal courts, certain remedies may be lost because of inhibitory statutes existing in the federal jurisdiction. But that is not the situation here. Here we have a statutory liability resulting in a substantive right, and a remedy for its enforcement in the state courts clearly provided. The state Legislature could do no more. Why should not that liability and corresponding right follow the parties into this court, in the absence of an inhibitory statute, or rule of practice in this jurisdiction, of which there are none. To hold that such recovery could not be had in this jurisdiction would be to exalt the form of the statute over its substance, thus defeating the clear legislative intent. There is no indication that the phrase in question was used in a restrictive or limiting sense. Per contra, it appears to have been the legislative intent to make the provision as broad as possible.
"Counsel for the defendant contends that sections 823 and 824, Rev.St. (28 U.S.C.A. §§ 571, 572 [28 U.S.C.A. § 1923]), are federal legislation within this field, occupying the entire field to the exclusion of the state statute. The federal statutes last cited, however, relate to docket fees or costs in the conventional sense of those terms, while the attorney's fees provided by the Florida statute under consideration are not costs in any sense, but constitute a statutory liability against a delinquent insurer." (Emphasis supplied.)
The contract of the insurance in that case was a Florida contract. It may well be that if the insurance contract is a Florida contract, the Statute in question is a part of the Florida contract. This, however, does not eliminate the question of penalty. There may be a substantive right of the beneficiary of a policy by reason of the Statute and there may also be at the same time a penalty imposed upon the defaulting insurance company which becomes procedural. Judge Strum recognized this fact because he said: "The right thus created in favor of the beneficiary is a substantive right, and a remedy for its enforcement in the state courts is clearly provided." Again Judge Strum said: "In imposing the statutory liability, from which flows the substantive right under consideration, the Florida Legislature used the most comprehensive and expansive language it could, with propriety, employ."
In a recent case not involving insurance contracts but involving a laborer's lien and *586 attorney's fees as provided by the statute, Hunter v. Flowers, Fla., 43 So.2d 435, 14 A.L.R.2d 447, in an opinion by Mr. Justice Roberts, this Court recognized that a statute could impose a penalty against the defaulting contractor and at the same time impose a right which became substantive for the laborer.
The business of insurance has become one of the dominating businesses of the world. In the United States millions of policies are issued to residents of all the states. These people move from state to state. This is particularly true with reference to Florida. It is one of the fastest growing states in the Union. Its population is largely made up of people who have come from other states and they naturally bring with them a great deal of their property, including insurance policies, or contracts. The business of insurance is affected with a public interest as much as any other business conducted in the United States. Such business is subject to reasonable regulation in the public interest. It is an undue hardship upon beneficiaries of policies to be compelled to reduce the amount of their insurance by paying attorney's fees when suits are necessary in order to collect that to which they are entitled. The police power within reason may be exercised by the Legislature regulating such a business affected with a public interest.
In this case the appellee has been authorized to and has been doing business in the State of Florida since September, 1915. It has enjoyed the benefit of a growing population, a sound economic condition, the protection of our laws and our courts. It issued these policies in question and on the very face of each policy stated: "There are no restrictions under this policy on travel, residence, occupation, etc." On the outside of the policy it advised all of those interested in the policy: "It is not necessary to employ any person, firm or corporation to collect the insurance  under this policy. Write direct to the Society  or communicate with the nearest authorized agent of the Society, whose duty it is to facilitate all settlements without charge".
If the beneficiary had taken the company at its word and failed to employ anyone to collect under this policy, or had been content to place implicit confidence in the nearest authorized agent of the company, the beneficiary never would have recovered anything under these policies. Notwithstanding the fact that where an insurance policy is a Florida contract, the statute, section 625.08, may be a part of the contract and, therefore, create a substantive right in the beneficiary, such fact does not prohibit or prevent such provision of the statute also from being a vital procedural one in the Courts of the State of Florida in any suit upon an insurance policy where the beneficiary is successful. This statute is a part of the public policy of the State of Florida and its purpose is to discourage the contesting of policies in Florida Courts and to reimburse successful plaintiffs reasonably for their outlays for attorney's fees when a suit is brought against them, or they are compelled to sue, in Florida Courts to enforce their contracts.
Reversed with directions for further proceedings in accordance with this opinion.
SEBRING, C.J., and CHAPMAN, ROBERTS and MATHEWS, JJ., concur.
TERRELL, THOMAS and HOBSON, JJ., dissent.
THOMAS, Justice (dissenting).
This suit was based on insurance policies issued by the appellee. The proceedings, culminating in a final decree awarding the appellant, Morris Feller, certain sums on his counterclaim, were rather involved, and a description of them would only serve to obscure the point in controversy. It is sufficient to remark that counsel fees were also sought by the appellants and that an appeal was taken solely from that part of the decree denying this relief.
The contracts were executed in a foreign state, and afterward, the insured moved to Florida where liability attached. It was, to quote from the master's findings, "admitted *587 by counsel for all parties" that there was no law in the state where the contracts were made, similar to Sec. 625.08, Florida Statutes 1949, and F.S.A. This statute provides that there shall be included in any judgment or decree in favor of a beneficiary against an insurer a reasonable sum to compensate the insured's attorney.
The lone question to be determined is the availability of the statute to a successful suitor in Florida on an insurance contract executed in a state where no such law exists.
The chancellor observed that if he were free to decide the matter in the first instance, he would hold that the law was a "police provision," applicable to all suits in this state no matter where the policies had been issued, but that he refrained from such a ruling on the belief that this court had interpreted the statute as "an addition to the contract," and applicable only to policies issued here.
Evidently the chancellor had in mind our decision in the case of Pendas et al. v. Equitable Life Assurance Society of the United States, 129 Fla. 253, 176 So. 104, 112 A.L.R. 1051, where the court quoted with approval the language used by District Judge Louie W. Strum in Orlando Candy Company v. New Hampshire Fire Insurance Company of Manchester, D.C., 51 F.2d 392, 393, to the effect that the statute was a part of the contract and that the liability imposed was "an incident of the insurer's wrongful refusal to pay, not a mere procedural incident to the entry of the judgment."
I do not think we are committed by those cases, because there we were considering merely the liability where there was no refusal by the insurance company to pay, while Judge Strum was concerned only with the application of the statute, where the suit on a policy was maintained in a federal court instead of a state court. In a later case where the point now before this court was directly involved before Judge Strum, he held that the Florida Statute allowing attorneys' fees could not be invoked in Florida in an action on a contract of insurance made in North Carolina, the policy not being a Florida contract and the lex loci contractus governing. Holderness et al. v. Hamilton Fire Ins. Co. of New York, D.C., 54 F. Supp. 145. So a solution of the problem is not aided by prior expressions by this court.
It seems to me the matter was settled by the Supreme Court of the United States in Aetna Life Insurance Company v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 130, 69 L.Ed. 342. It appears from that opinion that a life insurance policy had been issued to one Dunken in Tennessee. It was convertible on any anniversary of its date to a twenty-payment life commercial policy. After the insured removed to Texas, the policy was converted, and eventually, an action was brought on the contract resulting in a judgment against the insurance company for a certain amount, "together with the statutory penalty of 12 per cent. and an attorney's fee * * *." The court held that the second policy, based as it was on the first, constituted a Tennessee contract and that the law of that state therefore "entered into it and became a part of it."
The court expressly held that the "Texas statute was incapable of being constitutionally applied to [the contract] since the effect of such application would be to regulate business outside the state of Texas and control contracts made by citizens of other states in disregard of their laws under which penalties and attorney's fees are not recoverable." That part of the judgment giving effect to the Texas statute by "imposing a penalty of twelve per cent. and allowing attorney's fees," was held erroneous "in that the Texas statute cannot constitutionally be applied to a Tennessee contract." (Italics in this paragraph supplied.)
The Supreme Court of the United States was dealing with what was called in the opinion "a substantial question under the full faith and credit clause of the Constitution" in treating of the "Texas statute in respect of penalty and attorney's fee * *." We are in no position to disagree when the Supreme Court of the United States has spoken on a matter involving the interpretation and application of the Constitution of the United States.
*588 I think that case may not be distinguished from the instant one simply because the Texas statute imposed a penalty in addition to attorney's fees, while our law authorizes only the recovery of the fees. The purpose of such statutes seem to me to be the same, and anyway, the Supreme Court of the United States, in discussing and deciding the controversy, linked the penalty and the fees in one category  didn't even suggest that there was any distinction between them.
My conclusion is, therefore, that the statutory provision could not be engrafted on the contract the parties executed in the foreign state, so I dissent from the opinion of a majority of the Court.
TERRELL and HOBSON, JJ., concur.