Anna Marie **SLATE**, Plaintiff,

v.

**BERKSHIRE LIFE INSURANCE COMPANY**, Defendant.

Civ. No. 6630–M.

United States District Court
S. D. Florida, Miami Division.
June 26, 1956.

Roy L. Struble, Miami, Fla., Delores Staggers Pecor, Miami, Fla., of counsel, for plaintiff.

Dixon, DeJarnette, Bradford & Williams, by Joseph F. Jennings, Miami, Fla., for defendant.

LIEB, District Judge.

In this action brought by the beneficiary to recover the proceeds of a life insurance policy, issued by the defendant, and for attorney's fees as provided by the Florida Statute [1], defendant has moved to strike that portion of the complaint which prays for reasonable attorney's fees.

It is admitted by the parties that the policy was delivered to the insured in Ohio, that the premiums were paid in Ohio, and that this is an Ohio contract. Ohio has no such provision as to attorney's fees, nor was any such provision expressly provided in the contract of insurance. The beneficiary is a resident of the State of Florida.

In his motion papers, defendant contended that to give effect to the Florida Statute, against an insurance company sued in this State on a contract made in a jurisdiction which does not provide for attorney's fees, would be violative of the "Full Faith and Credit Clause" and the provisions of the Federal Constitution inhibiting impairment, by State law, of the obligations of contract, as well as

1. F.S.A. § 625.08

violative of the several clauses of section 1 of the 14th Amendment to the Federal Constitution.

On oral argument defendant relied strongly upon the decision in Aetna Life Insurance Co. v. Dunken[2] in which the Supreme Court of the United States held that a Texas Statute, making a statutory penalty and attorney's fees a part of every contract payable to any citizen or inhabitant of Texas, could not be constitutionally applied to contracts entered into outside the State.

■ The arguments under the Full Faith and Credit Clause, and the provisions of the 14th Amendment, do not seem to merit any extended discussion, since full faith and credit technically is not involved; and, if the Florida Statute is otherwise valid, it cannot be denied that its provisions are reasonable and proper means of effectuating the State's public policy in the regulation of suits against all insurance carriers, domestic or foreign, doing business within the State and subject to suit therein.

■ Therefore the Court turns to the major and more difficult objection; i. e., that this statutory provision of Florida may not be given effect in a suit on a policy of insurance entered into in a foreign jurisdiction, which has no similar provision as a part of its law, and where the policy itself does not provide for attorney's fees, without violating the "impairment of contract" provision of the Federal Constitution. Defendant contends, in effect, that the result of the Florida Statute is to read into the contract a new term and thus to subject the insurer to a changed liability greater than was theretofore contemplated by the contracting parties. If this were so, obviously Aetna Life Insurance Co. v. Dunken would apply and such effect could not be given the statute.

However it must be noted that the wording of the statute involved in the Aetna case went far beyond that of the Florida Statute. The Texas Statute there involved provides:

" 'Any contract of insurance payable to any citizen or inhabitant of this state by an insurance company or corporation doing business within this state *shall be held to be a contract made and entered into under and by virtue of the laws of this state* relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed, and the premiums and policy should be payable without this state, or at the home office of the company or corporation issuing the same.' " V.A.T.S., Insurance Code, art. 21.42. [Emphasis supplied.]

By contrast the Florida Statute here involved reads as follows:

*"Upon the rendition of a judgment or decree by any of the courts of this state* against any insurer in favor of the beneficiary under any policy or contract of insurance executed by such insurer, there shall be adjudged or decreed against such insurer, and in favor of the beneficiary named in said policy or contract of insurance, a reasonable sum as fees or compensation for his attorneys or solicitors prosecuting the suit in which the recovery is had." [Emphasis supplied.]

The Constitutional defect of the Texas Statute, in the words of the Supreme Court, is that "The Texas statute was incapable of being constitutionally applied to [the contract] since the effect of such application would be to regulate business outside the state of Texas and control contracts made by citizens of other states in disregard of their laws under which penalties and attorney's fees are not recoverable."

The Florida Statute on its face does not purport to subject "foreign" contracts to the contract law of Florida, nor to regulate business outside the State of

2. Aetna Life Insurance Co. v. Dunken, 1924, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342.

Florida. By its wording, it is only "upon the rendition of a judgment", after the liability under the terms of the contract as originally executed has been determined according to the law applicable thereto, that, in pursuance of the public policy of the State of Florida, attorney's fees are assessed against the delinquent insurer.

Furthermore this is the interpretation placed upon this Florida Statute by both the Supreme Court of Florida[3] and the Court of Appeals for the Fifth Circuit[4]. It is true that in the latter case the Court of Appeals was not considering the Constitutional question as such, but its construction of the statute, comporting as it does with that of the Supreme Court of Florida, leaves no doubt that, far from changing in any way the obligations of the contract itself, or regulating business outside the State, the statute merely imposes upon the insurer, found to have been delinquent under the terms of the original contract, a statutory obligation to reimburse plaintiff for its outlay caused by such delinquency.

The Statute's practical effect, a salutary one well within the police power of the State in its regulation of insurance, is to assure, at least to a resident beneficiary, the receipt of the full proceeds, unimpaired by the costs of litigation. It must be stressed that this effect is achieved, not by changing in any way the obligations of the contract as did the Texas Statute, held invalid in the Aetna case, but by imposing upon the adjudged delinquent insurer who, by his presence within the State, has subjected himself to the jurisdiction of the courts of this State, the fees the beneficiary was forced to expend. Obviously such provision is an incident of the insurance company's right to do business in the State, for when an insurance company comes into this State to do business it subjects itself to suit in the courts of Florida and to all of the incidents of such suits. Presumptively this insurance company is doing business within the State, else suit could not have been brought here.

This suit is one removed from the State Court by reason of diverse citizenship and that being so this District Court is for all intents and purposes "a court of this State"[5] and as such the decisions of the Supreme Court of Florida, as well as the statutory provisions of the State, are binding upon it in so far as those decisions or statutes do not conflict with the Federal Constitutional provisions.

Defendant contends that in Holderness v. Hamilton Fire Ins. Co. of New York[6], a case in which the plaintiffs, citizens of North Carolina, brought suit in Florida upon a fire policy issued by a New York corporation, covering a building in North Carolina, Judge Strum, of the Southern District of Florida, held that section 625.08 of the Florida Statutes became a part of every contract entered into in Florida, but that the Florida Legislature had no power to impose such liability extraterritorially. It is to be noted that this decision, which was decided before the Supreme Court of Florida had interpreted the Statute in the Feller Case[7], relies upon a construction of the Statute discussed and rejected in the Feller case, and furthermore that the plaintiffs were not residents of the State, nor was the property located within the State. Since the decision in the Feller case, Judge De Vane, of the Northern District of Flori

3. Feller v. Equitable Life Assurance Soc., Fla.1952, 57 So.2d 581.

4. Fidelity-Phenix Fire Insurance Co. v. Cortez Cigar Co., 1937, 92 F.2d 882, certiorari denied, 1937, 303 U.S. 636, 58 S.Ct. 521, 82 L.Ed. 1096.

5. Woods v. Interstate Realty Co., 1949, 337 U.S. 535, 538, 69 S.Ct. 1235, 93 L. Ed. 1524; Angel v. Bullington, 1946, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832;

see also Fidelity-Phenix Fire Insurance Co. v. Cortez Cigar Co., 5 Cir., 1937, 92 F.2d 882, 885, certiorari denied 1937, 303 U.S. 636, 58 S.Ct. 521, 82 L.Ed. 1096.

6. Holderness v. Hamilton Fire Ins. Co., D.C.S.D.Fla.1944, 54 F.Supp. 145.

7. Feller v. Equitable Life Assurance Soc., Fla.1952, 57 So.2d 581.

da, in the case of Foy v. Mutual Life Insurance Co. [8], a suit upon a life policy by a Florida beneficiary, expressly relied upon the decision of the Supreme Court of Florida in the Feller case, supra, and allowed recovery under section 625.08 F.S.A.

Therefore, for the foregoing reasons, defendant's motion to strike is denied and an order will be entered to that effect.

8. Foy v. Mutual Life Insurance Co., D.C.N.D.Fla.1955, 127 F.Supp. 916.