## CHICAGO FIRE AND MARINE INSURANCE COMPANY *v.* NEWMAN.

[No. 13,361. Filed March 26, 1929.]

*Edmund L. Craig,* for appellant.

*Edward E. Meyer, Isadore J. Fine* and *William L. Mitchell,* for appellee.

McMAHAN, P. J.—Appellee recovered a judgment against appellant on a policy of fire insurance, hence this appeal. The error presented relates to the overruling of appellant's motion for a new trial, the specifications of which are that the finding of the court is not sustained by sufficient evidence, and is contrary to law.

On September 14, 1927, appellant insured a stock of

electric-light fixtures, lamps and other merchandise incidental to appellee's business, "while contained in the two story, asbestos roof, frame building, situate No. 1200 South Eighth Street, Evansville, Indiana." A few days later, a rider was attached to the policy, increasing the amount of the insurance from $1,000 to $1,500, and covering "stock, furniture and fixtures, including all property kept by the insured for sale, and all property appertaining to, or used by the insured in the conduct of business, . . . all while contained in the two story, asbestos roof, frame building, *additions and extensions,* situate at No. 1200 South Eighth Street, City of Evansville, Indiana, *and in the yards, on platforms, sidewalks or alleys, within one hundred feet of the above described building.*" The italics are ours, and indicate words inserted in the rider that were not in the policy when it was first issued.

The building in which appellee conducted his business was a two-story frame building with an asbestos roof. Appellee occupied the second story of the building and two rooms on the first floor in the rear of the storeroom as a residence. On the rear part of the lot, and at the corner of a side street and an alley, there was a two-story frame building with a shingle roof, which was used by appellee as a garage and warehouse, and which is thirty-eight feet and three inches distant from the rear end of the store building. There was a door and brick walk leading from the storeroom to the warehouse; the space between these two buildings was not occupied by any building or structure of any kind. The store building, at the time the policy was issued and at the time of the fire, was the same as when originally constructed, without any additions or extensions having been erected or attached thereto. After the original policy was issued, appellee increased his stock of merchandise, a large part of such increase being stored in the warehouse. Ap-

pellee mentioned the fact that he had increased his stock, by getting in some washing machines and radios, to appellant's agent who had written the policy, and such agent suggested the increase in the amount of the policy. Appellee testified that, two or three days later, the agent brought the policy back to the warehouse where he was working and where a considerable part of his stock was stored. The agent, however, testified that the policy with the increased insurance was delivered to appellee in the main storeroom and not in the warehouse. The warehouse was thereafter partially destroyed by fire, and a part of the merchandise stored therein was also burned and damaged. The amount of such loss, as found by the court, was $542.37.

Appellant contends it is not liable for the loss, because the property destroyed at the time of the fire was not in the two-story store building, in any addition or extension thereto, in the yard, on platforms, sidewalks or in alley, within 100 feet of the store building described in the policy.

It is to be observed that if the property which was destroyed by fire had been in the alley in the rear of the warehouse and within 100 feet of the main storeroom when it was destroyed by the fire, there would be no question but that it would have been covered by the policy, but because it happened to be inside of the warehouse instead of outside, appellant says it is not liable. When the rider was attached to the policy covering merchandise in "additions and extensions," it was certainly the intention and understanding of the parties that, by the use of such words, the coverage was to be broader than the coverage of the original policy, which only insured property in the store building. If that was not the intention, why did they not use the words "store building" and thus confine the insurance to property in that building, as was done in the original

policy. It is evident that the parties intended by the words "additions and extensions" to include and cover merchandise in buildings which were used by the insured, and which were appurtenant to and distinct from the store building. There was no other building or structure except the warehouse that could have been covered by the use of the words "additions and extensions" that would not have been covered by the policy if those words had been omitted from the rider, and we hold they were used intentionally to cover something that would not have been covered if they had not been used. If there is any doubt as to whether the policy covered the property in the warehouse, that doubt will be resolved against appellant.

Judgment affirmed, with ten per cent penalty.