## HOME INSURANCE COMPANY OF NEW YORK v ATKINS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12788.   Decided March 20, 1933

Mooney, Bibbee & Edmonds, Columbus, Treadway & Marlatt, Cleveland, and George B. Folk, Cleveland, for plaintiff in error.

William J. Schultz, Cleveland, S. Monroe Wittenberg, Cleveland, for defendant in error.

**LIEGHLEY, PJ.**

It will be noted that the language of the policy covers merchandise while contained in the two-story brick building and within one hundred feet thereof, while on sidewalks, yards, platforms and vehicles. This garage was within one hundred feet of said building. The inquiry is whether or not, being so prepared for and constantly used as a warehouse for storage although within this radius, its contents are covered by the terms of this policy.

An inspector for the Ohio Inspection Bureau, whose business it was to inspect properties and fix insurance rates, was called and permitted to testify that the rate for the brick building was forty seven (47c) cents and for the contents thereof ninety four and nine-tenths (49.9) cents; that the rate for the garage was ninety-seven (97c) cents and for the merchandise stored therein was, at the time, one dollar and twenty cents ($1.20).

The claim of the insurance company is that they covered merchandise in said brick building and on the yards, sidewalks, streets, platforms and vehicles within one hundred feet, but that the policy did not cover a stock of merchandise regularly stored in a frame garage constantly used as a warehouse, although within one hundred feet; that the contract of insurance would call for an additional premium for the two buildings as distinguished from the cost of coverage for the brick building alone; that the company insured the contents of one brick building for which it was paid its premium at the standard rate, and not the contents of a garage used as a warehouse for which it received no premium; that the policy should be liberally construed in favor of the insured when there is doubt or ambiguity, but to hold that this garage and its contents were covered would be making a new contract between the parties.

The policy provides further that the property described is insured "while located and contained as described herein, and not else-where."

The company claims that the property destroyed by fire was not then in the two story brick building nor on sidewalks, yards, streets, platforms or vehicles within the meaning of the language of the policy, although it was within the one hundred foot limitation; that the garage so equipped and used as a warehouse removed that space in consequence from coverage under the terms yard or platform, or otherwise.

The plaintiff claims that the merchandise is covered so long as it is within one hundred feet of the brick building; that the fact that it was in this garage is of no consequence as it was in the yard, a place specifically mentioned in the policy.

Counsel have cited many authorities, to some of which we give reference. Some deal with insurance policies containing the same or similar provisions as are involved here.

**Walsh & Co. v Queen Insurance Co.,** 6 C. C. (N.S.) 1.

Rosenthal v Ins. Co. of North America, 149 NW 155 (Wis.)

British America Assurance Co. v Miller, 44 SW 60 (Texas).

Leventhal v Home Ins. Co., 66 N. Y. Sup. 502 (N. Y.)

Village of L'Anse v Fire Ass'n of Philadelphia, 78 NW 465 (Mich.)

Green v L. L. & G. Ins. Co., 60 N. Y. 189 (Iowa).

Southern Underwriters v Williams Lumber Co., 38 SW 177 (Tex.)

These and other cases cited are authority for the claim that when the goods are removed from or are not contained within the place or limitations designated in the contract when destroyed by fire, there is no coverage.

Other authorities were cited illustrated by the following in which the policies contained the additional phrase "additions or extensions" or its equivalent.

Chicago Fire & Marine Ins. Co. v Newman, 165 NE 554 (Ind.)

Georgia Home Ins. Co. v Mayfield Planing Mills, 119 SW 1190 (Ky.)

North British & Mercantile Ins. Co. v Tye, 58 SE 110.

While these citations are helpful, the facts in each and every case differ from the facts in the case at bar. Here there was no removal unless the use of the garage as a permanent warehouse amounts to a removal in fact from the two story brick building described in the policy. The merchandise was within one hundred feet and the garage was in the yard within the prescribed radius. Strictly construed, the mer-

chandise when destroyed was within the territory prescribed in the policy and the plaintiff is entitled to recover, unless what he did by way of transforming the frame garage into a warehouse and continuously using it as such does violence to the clear intention of the parties as expressed by the language of the policy.

The policy is the contract between the parties. It should be construed liberally in favor of the plaintiff. The company covered his merchandise to the amount of five thousand dollars while contained in said two story brick building and on the yards, streets, alleys, platforms, vehicles, etc., within one hundred feet thereof. The plaintiff paid the standard rate of ninety four and nine-tenths (94.9) cents, or forty seven dollars and forty-five cents ($47.45) for said coverage. The company claims and the proof shows that this is the rate for the place designated, and does not expressly include goods contained in a garage used for storage. The plaintiff suffered a loss of merchandise by fire during the life of the policy. Is he entitled to recover his loss under his contract of insurance in view of the language of his contract and all the facts and circumstances of the case?

The intention of the parties as expressed by the clear language of the contract, if it is clear, should prevail.

For what loss did the plaintiff seek coverage? What loss did the company agree to indemnify. The plaintiff was then engaged in the radio and electrical business. His merchandise would naturally be contained in his place of business and in transit from the manufacturer or in process of delivery to his customers. Hence, there is designated his storeroom, yard, sidewalks, platforms, alleys, streets, vehicles, railway cars. The two story brick building was the intended container, the permanent storage room, and the other places for temporary deposit and use now and then in receiving and delivering the merchandise in the ordinary and daily conduct of the business. Certainly it was not contemplated that the vehicles, the railway cars, the sidewalks, the streets, the alleys, the platforms, the yards, or either of them, were to be used for permanent storage, and the merchandise there stored insured.

We are of the unanimous opinion that this contract covered the goods in the brick building and goods in the other places mentioned temporarily placed there while in transit in the orderly conduct of the business. When the plaintiff converted this frame garage into a warehouse for storage purposes and so used the same, the goods stored therein were no longer under the contemplated coverage of this policy. He created another building for storage, which was outside of this contract. He thereby increased the risk. This garage and contents was then a proper subject matter for a new or additional contract. If, because this garage was within the yard and within one hundred feet of the two story brick building designated, he might convert and use this frame garage as a warehouse with impunity, then he could construct and use a frame building of larger dimensions within the prescribed radius for storage of the major portion of his stock on hand at about one-half the standard insurance rate by buying a policy on the brick building and storing his stock in the frame. The language of the contract is clear that this was not the intention of the parties and not within the contemplation of the parties.

The contents of this garage were not within the coverage of the policy, in our opinion, and the judgment is therefore reversed on the ground that the same is contrary to law, and final judgment is rendered for plaintiff in error, with costs. Exceptions.

McGILL and LEVINE, JJ, concur in judgment.