## MARYLAND CASUALTY CO. v. SAM- MONS et al.

### No. 8876.

Circuit Court of Appeals, Fifth Circuit.

Nov. 3, 1938.

Jos. W. Popper, of Macon, Ga., for appellant.

C. L. Shepard, of Fort Valley, Ga., and Walter A. Harris and John B. Harris, both of Macon, Ga., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Maryland Casualty Company, appellant and cross-appellee, issued its policy of automobile liability insurance to Jack L. Sammons covering his automobile. On November 7, 1937, and while the policy of insurance was in force and effect Jack L. Sammons and John R. Crandall, appellees and cross-appellants, with three others, were riding in the automobile about six o'clock in the evening. Sammons was driving his car and Crandall, as his guest, was sitting on the back seat when the car collided with the rear end of another automobile. Crandall was thrown forward and upward by the impact and his head hit the top of the car and he was momentarily made unconscious or dazed. The skin on Crandall's head was not broken and no blood appeared. Immediately after the accident Crandall returned to his apartment. He complained of a headache and he took aspirin and bathed his head.

Sammons and Crandall roomed together, and when Sammons returned to the apartment about eleven o'clock that same night he found Crandall asleep. On the next day Crandall returned to his work and had no more trouble until about Christmas when his eye began to hurt him. After close observation by an eye specialist it was determined that he had a serious eye injury, the cause of which was traced back to the bump he received on his head the previous November. Crandall, for the first time, immediately notified Sammons. This was on January 13, 1938, and on January 15, Sammons notified the company of the accident. The company denied liability under its policy.

On February 15, 1938, Crandall filed suit against Sammons in the City Court of Macon, Georgia, claiming twenty-five thousand dollars damages. Sammons again notified the company and it again denied liability for the reason, it alleged, that Sammons failed to give notice of the accident "as soon as practicable" as required by the policy. While this suit was pending the appellant Company petitioned the United States District Court for the Middle District of Georgia praying for a declaratory judgment. The court sanctioned the petition as a bill for declaratory judgment, and also restrained the defendants, appellees and cross-appellants, from proceeding further with the action for damages in the City Court of Macon. This case was heard before a jury and there was admitted in evidence the facts and circumstances of the accident, and of the question of proper notice to the company. The appellant company moved for a directed verdict. The court refused to direct a verdict for the company and the jury found the issues for the defendants, appellees and cross-appellants. From this finding and decree of the court the Maryland Casualty Company appealed.

Casting away the immaterial, the main questions raised by this appeal are: (1) Whether or not notice was given the company in accordance with the provisions of the policy; and (2) whether or not the court erred in its instruction to the jury upon the question as to notice to the company "as soon as practicable."

The construction of the clause of the insurance policy upon which decision of this case must turn is as follows: "5. Notice of Accident—Claim or Suit. Upon the occurrence of an accident written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. * * *"

It was the duty of insured here to report the accident as soon as practicable. This does not mean that every trivial accident that occurred should be reported. An accident that an ordinarily prudent individual acting reasonably would consider, under all the circumstances, as inconsequential, and which would not afford the basis of any claim, the insured was not bound to report. Chapin v. Ocean Acci-

dent & Guarantee Corporation, 96 Neb. 213, 147 N.W. 465, 52 L.R.A.,N.S., 227; Roberson v. Weaver, 145 Ga. 626, 633, 89 S.E. 769.

"The true rule, it seems to us, must be declared to be that notice is an essential requirement in order to fix liability on the insurer when there has been such an occurrence or accident as would lead the ordinarily prudent and reasonable man to believe that it might give rise to a claim for damages." Southern Surety Company v. Heyburn, 234 Ky. 739, 29 S.W.2d 6, 8.

"It is not every trivial mishap or occurrence that the assured under such policy of liability insurance must regard as an accident of which notice should be given immediately to the insurance company, even though it may prove afterwards to result in serious injury." Melcher v. Ocean Accident & Guarantee Corp., 226 N.Y. 51, 123 N.E. 81, 82; Baker v. Metropolitan Casualty Ins. Co., 118 Conn. 147, 171 A. 7.

That the accident in the case at bar appeared to be trivial was borne out by a preponderance of the evidence. Crandall returned to his work the next day and did not further complain and made no report of injury until after Christmas. Certainly Sammons would not be obliged to report every little mishap or occurrence as an accident. Ohio Casualty Ins. Co. v. Rosaia, 9 Cir., 74 F.2d 522; Southern Surety Co. v. Heyburn, supra; 14 R.C.L. 1330, Sec. 503.

The question of whether or not the notice of the accident was given the insurance company in accordance with the provisions of the policy, was one for the jury. Southern Surety Co. v. Heyburn, supra. The trial court submitted this question to the jury and the charge fairly and correctly stated the law.

The judgment is affirmed.

In the cross-appeal Sammons and Crandall contend that the company by its conduct waived the right to insist that notice was not given and that the trial court erred in giving the affirmative charge for the company on this question. They also contend that the court had no jurisdiction in this case to restrain Crandall from prosecuting his suit against Sammons in the City Court of Macon pending the disposition of this case.

What we have said makes it unnecessary to consider the points raised on cross-appeal.

The restraining order should now be dissolved so that the prosecution of the suit in the City Court of Macon may proceed.

The judgment is affirmed.