**CONTINENTAL CASUALTY CO. v. GIL-
LER CONCRETE CO., Inc., et al.
GILLER CONCRETE CO., Inc., v. CON-
TINENTAL CASUALTY CO. et al.**

No. 9571.

Circuit Court of Appeals, Fifth Circuit.

Dec. 30, 1940.

Rehearing Denied Feb. 12, 1941.

T. J. Blackwell and W. H. Walker, Jr., both of Miami, Fla., for appellant Continental Casualty Co.

Louis Heiman, A. Judson Hill, and Edward E. Fleming, all of Miami, Fla., for Giller Concrete Co., Inc., et al., appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On December 6, 1938, Continental Casualty Company issued to Giller Concrete Company, Inc., a policy of automobile liability insurance covering two International Mixer Trucks, and a policy of workmen's compensation insurance. The coverage under the two policies was for a period of twelve months from the date of issue.

In the latter part of March, 1939, George O. Wright, the accredited agent of Continental Casualty Company, called on Charles Giller, secretary of Giller Concrete Company, with reference to the payment of premiums due on the two policies. Mr. Wright was informed that Giller Company wanted to transfer its insurance to the American Mutual Liability Insurance Company. Wright agreed that until such insurance was put in force with another company the two policies issued by his company would remain in force and effect.

On March 28, 1938, Jack Bernard, an employee of Giller Concrete Company, wrote a letter to the American Mutual Liability Insurance Company: "Please make out a policy in the name of Giller Concrete Company, of Port Everglades, on two International Trucks, numbers HD-232-01678 and HD-232-01670 to cover public liability and property damage. We also want a policy for compensation for the above redimixed plant."

On March 29, 1939, H. E. Hibler, Branch Production Manager of the American Mutual Company, who had received Bernard's letter at the Jacksonville, Florida, office of the company, called Bernard over long distance telephone and inquired whether the previous coverage on the items sought to be insured with American Mutual had been canceled. Mr. Bernard, believing that the coverage had already been canceled, advised Hibler that the two policies had been canceled. On the same day Hibler confirmed the telephone conversation with Bernard by a letter inclosing applications for the polices requested by the Giller Company:

"Pursuant to your letter of March 28th and confirming long distance telephone conversation of today, we enclose applications * * *. *It will be necessary, however, for you to supply us with the name of the previous insurance company carrying this insurance.*

"Following receipt of completed and signed applications at this office, policies will be promptly issued from our District Office in Atlanta, Georgia, and forwarded to you but pending receipt of same you may accept this letter as full evidence of your insurance coverage with us."

The American Mutual Company did not know the name of the company carrying the two policies of insurance for the Giller Company. Giller Company did not accept the letter from American Mutual as a binder and Bernard did not fill out and return the applications for insurance and did not give American Mutual the name of Giller Company's insurance carrier.

On April 3, 1939, one of the International Mixer Trucks covered by the policy of Continental Casualty Company was involved in a collision with an automobile at Fort Lauderdale, Florida. The automobile was wrecked and the driver, Fredrick S. Colburn, and his wife, Myra Plumb Colburn, were seriously injured. Following the accident Giller Concrete Company promptly notified both the Continental and American companies and requested that proper steps be taken to investigate the facts and circumstances surrounding the accident, and to do whatever was required to be done to protect Giller Company against claims which might be made by the injured persons.

On April 12, 1939, American Mutual wrote to the Giller Company voiding all coverage and denying liability. The Continental Company assigned David C. McDonald, its adjuster and claims representative, to investigate the accident. On June 17, 1939, Mr. and Mrs. Colburn commenced two separate suits in the United States District Court seeking to recover damages for personal injuries and for property damage to the automobile. The summons and complaints were served on the Giller Company which turned them over to McDonald, the Continental Company's adjuster. On July 3, 1939, they were returned to Giller Company by registered mail with letter inclosure in which Continental Casualty Company disclaimed liability under its policy.

Thereafter on August 4, 1939, Giller Concrete Company filed its bill of complaint in the District Court against Continental Casualty Company praying for a declaratory judgment. Continental Company filed its answer denying liability and contending that its policy of automobile liability insurance was rescinded prior to April 3, 1939, the day on which the accident occurred. Under Rule 14, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Continental Company filed its motion to bring in the American Mutual Company as a third party defendant. The motion was granted by the court and Continental filed a third party complaint against American Mutual contending that it had issued substitute insurance under a binder contract effective on the 29th day of March, 1939. American Mutual filed its answer

and prayed for judgment exonerating it from any liability.

By order of reference the issues raised by the pleadings were referred by the court to a special master. Hearings were held before the special master and on January 17, 1940, he filed his report finding the issues in favor of Continental Casualty Company. Giller Concrete Company and American Mutual Company filed objections to the findings of the special master, and on April 11, 1940, the court, after a hearing of the cause on the report of the special master and the objections, entered an order finding the issues in favor of Giller Company and American Mutual and against Continental Casualty Company. The court entered its decree holding that the policy issued by Continental Casualty Company on December 6, 1938, was in full force and effect on the day of the accident, and that Continental Company was bound to answer for and in the stead of the Giller Company.

Continental Casualty Company filed its notice of appeal on May 1, 1940, and on May 9, 1940, Giller Concrete Company filed its notice of appeal from that portion of the final decree denying attorney's fees for the prosecution of the declaratory judgment suit.

The policy of automobile liability insurance issued by Continental was complete and regular on its face. The policy provided in Condition 9 for a specified method of cancelation "by mailing written notice * * * stating when not less than five days thereafter such cancelation shall be effective." Wright, the agent of the insurance company, did not elect to pursue this method of cancelation.

A policy of insurance may be canceled by mutual consent of the contracting parties notwithstanding a provision in the policy specifying a method of cancelation. Merchants & Bankers Guaranty Co. v. Downs, 128 Fla. 767, 175 So. 704. In the case at bar Giller and Wright, as they had a right to do, mutually agreed to cancelation of the policy of automobile liability insurance when Giller Company secured substitute coverage with another company. Prior to the happening of the accident on April 3, 1939, Giller Company had not secured substitute liability coverage with American Mutual Liability Insurance Company. Giller Company did not accept the letter from American Mutual as a binder, it never made formal application for a policy, and no policy of insurance was ever issued

by American Mutual Company. The letter of March 29th, relied upon by the appellant as a binder, was sent to Giller Company after its employee, Bernard, had talked with American Mutual's agent and told him that the previous policies of insurance had been canceled. This letter was written under a misapprehension of the facts. The minds of the parties never met and no substitute contract ever came into existence. The conditions upon which the cancelation of Continental's policy was to take effect never happened, and Continental's policy of insurance continued in full force and effect. Restatement of the Law of Contracts, Vol. 1, Sec. 20; 3 Florida Digest, Contracts, ⚖94, p. 659.

On the appeal of Continental Casualty Company the judgment is affirmed.

In Giller Concrete Company's appeal it claims attorney's fees for the prosecution of the declaratory judgment suit under Section 6220 of the Compiled General Laws of Florida which provides that: "Upon the rendition of a judgment or decree * * * against any person, company, corporation * * * in favor of the beneficiary or beneficiaries under any policy or contract of insurance * * * there shall be adjudged or decreed * * * a reasonable sum as fees or compensation for his, her or their attorneys or solicitors prosecuting the suit in which the recovery is had. The amount to be recovered for fees * * * shall be ascertained and fixed by the court in chancery cases or a jury in common law actions." Within the meaning of this statute a "recovery is had" and the insurance company is liable for attorney's fees whenever it unsuccessfully defends an action against it upon a policy or contract of insurance issued by it. The application of the statute is not limited to suits for the recovery of money. The court erred in disallowing the attorney's fees claimed by Giller Company for the prosecution of its declaratory judgment suit. Cf. United States Fire Ins. Co. v. Dickerson, 82 Fla. 442, 90 So. 613, 616; Pendas v. Equitable Life Assur. Soc., 129 Fla. 253, 176 So. 104, 111, 112 A.L.R. 1051; Fidelity-Phoenix Fire Ins. Co. v. Cortez Cigar Co., 5 Cir., 92 F.2d 882.

On the appeal of Giller Concrete Company that portion of the judgment denying attorney's fees is reversed and the cause remanded for further proceedings to determine and allow reasonable attorney's fees.