## PHOENIX INDEMNITY CO. v. ANDERSON'S GROVES, Inc.

No. 12680.

United States Court of Appeals, Fifth Circuit.

July 20, 1949.

Rehearing Denied Aug. 24, 1949.

HUTCHESON, Circuit Judge, dissenting in part.

Joseph P. Lieb, Morris E. White, Tampa, Fla., for appellant.

G. T. Shannon, Tampa, Fla., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

This suit for a declaratory judgment was brought by the insurance company against its assured in a public liability policy of insurance wherein the insurance company had agreed to pay the damages, expenses, etc., in case of injuries to third parties caused by motor vehicles of the assured and also to defend suits brought within the coverage of the policy against the assured for such damages, etc.

On January 18, 1947, a truck driven by one Elisha J. Williams, in order to keep from coming into collision with a truck of the assured approaching a road junction at right angles, veered off his road into a ditch, causing his truck to turn over and pin his leg between the truck body and the ground. There was no collision of vehicles and it appeared at the time that the injuries to Williams were negligible. The driver of the assured's truck reported the accident to his superintendent, Johnson, with whom it was agreed that, between them, they would pay a small amount to repair Williams' truck.

The policy in question stipulated that: "When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable."

Also:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, * * *"

It is conceded that no notice was given to the insurance company until Williams filed a claim against the company on April 27, 1948, or approximately fifteen months after the accident, whereupon the company investigated the case. Although the accident and injury to Williams were considered more or less trivial by the assured,' as well as by Williams, between the time of the accident and the filing of the claim, Williams' leg was amputated.

The lower Court held:

"8. That the said accident, at the time the same occurred and on the next day when claimant was seen and talked to by an employee of the defendant, appeared of so trivial a nature that the defendant, using reasonable care could not have seen that the said claimant would have his leg amputated in November of 1947.

"9. That the said occurrence did not prejudice the investigation by plaintiff of the said accident nor will it be embarrassed in the defense of said cause in that the plaintiff has written statements giving the facts of said occurrence from the only two eye witnesses that were present at the time of the happening, namely, the employee of the defendant and the claimant."

Upon the foregoing findings the lower Court held that the defendant was entitled to receive, and the plaintiff was required to give, full compliance with the provisions of the insurance policy and to defend the suit pending between Williams as plaintiff and the assured as defendant in the Circuit Court of DeSoto County, Florida, at its own expense and in accordance with the terms and conditions of the policy, and that the delayed notice of the accident would not relieve the insurance company from liability under the policy. It also held that the assured was entitled to its costs, together with the sum of $500.00 as attorney's fee.

■ We think the law is correctly set out in the decision of this Court in Maryland Casualty Company v. Sammons, 5 Cir., 99 F.2d 323, 324, wherein the requirement for notice was substantially the same as the requirement in the policy involved in this suit. We stated:

"It was the duty of insured here to report the accident as soon as practicable. This does not mean that every trivial accident that occurred should be reported. An accident that an ordinarily prudent individual acting reasonably would consider, under all the circumstances, as inconsequential, and which would not afford the basis of any claim, the insured was not bound to report. (Citing cases.)

"'The true rule, it seems to us, must be declared to be that notice is an essential requirement in order to fix liability on the insurer when there has been such an occurrence or accident as would lead the ordinarily prudent and reasonable man to believe that it might give rise to a claim for damages.' Southern Surety Company v. Heyburn, 234 Ky. 739, 29 S.W.2d 6, 8.

"'It is not every trivial mishap or occurrence that the assured under such policy of liability insurance must regard as an accident of which notice should be given immediately to the insurance company, even though it may prove afterwards to re-

sult in serious injury.' Melcher v. Ocean Accident & Guarantee Corp., 226 N.Y. 51, 123 N.E. 81, 82; Baker v. Metropolitan Casualty Ins. Co., 118 Conn. 147, 171 A. 7."

■ Whether or not the reasonably prudent person might have regarded the accident in question of such a trivial nature as to require the giving of no notice is not a question of law but one of fact over which the minds of reasonable men might differ. The Court below seems to have applied this criterion to the facts in the case and reached the conclusion:

"That the said accident * * * appeared of so trivial a nature that the defendant, using reasonable care could not have seen that the said claimant would have his leg amputated in November of 1947."

We are unable to say that this finding of fact by the lower Court was clearly erroneous in view of the testimony which attributes to Williams the statement: "That is all right, just forget everything," when asked by Suggs, the driver of assured's truck, if he wished him to have his truck repaired.

■ The only other question involved in the case is whether or not under Sec. 625.-08, Florida Statutes of 1941, F.S.A., the lower Court should have allowed an attorney's fee to the defendant. The pertinent part of said section provides:

"Upon the rendition of a judgment or decree by any of the courts of this state against any insurer in favor of the beneficiary under any policy or contract of insurance executed by such insurer, there shall be adjudged or decreed against such insurer, and in favor of the beneficiary named in said policy or contract of insurance, a reasonable sum as fees or compensation for his attorneys or solicitors prosecuting the suit in which the recovery is had."

We have been cited to no Florida case dealing with the allowance or disallowance of attorney's fee in a proceeding for a declaratory judgment brought by the insurer, but we regard the decision by our own Court in Continental Casualty Company v. Giller Concrete Company, 5 Cir., 116 F.2d 431, 433, as decisive of the question. In that case the insured brought suit for a declaratory judgment and received an adjudication favorable to it and against the insurance company. Our Court, in construing the Florida statute, said:

" * * * Within the meaning of this statute a 'recovery is had' and the insurance company is liable for attorney's fees whenever it unsuccessfully defends an action against it upon a policy or contract of insurance issued by it. The application of the statute is not limited to suits for the recovery of money. The court erred in disallowing the attorney's fees claimed by Giller Company for the prosecution of its declaratory judgment suit."

We are unable to perceive any distinction between the application of the statute where the suit is brought by the insurer, as here, and one brought by the insured, as in the Continental Casualty Company case, supra.

The judgment of the Court below is

Affirmed.

HUTCHESON, Circuit Judge (concurring in part, dissenting in part).

I concur in the affirmance of the judgment establishing liability of the insurer. I dissent from its affirmance for attorneys' fees against the insurer for bringing the declaratory judgment proceeding.

I do not in anywise question the validity of the statute. I simply deny its application here. Our case of Continental Casualty Co. v. Giller, 5 Cir., 116 F.2d 431, while squinting in the direction of, does not support, the judgment for attorneys' fees in this case.

With all due deference to the inability of the majority "to perceive any distinction between the application of the statute where the suit is brought by the insurer" and where it is "brought by the insured", I can and do perceive the distinction and thus state it.

Florida courts have held that while not strictly a penal statute, the statute author-

izing attorneys' fees is penal or retributive in its nature, and is designed to compel insurers to abide by their contracts without unnecessary, that is wrongful litigation. It, therefore, seems to me that we ought not to construe the statute as authorizing attorneys' fees except in the precise situation the statute deals with. This is where the insurer has refused to pay and suit has been brought and judgment rendered against it. To extend it to make the insurer liable as for wrongful default where the only thing it has done is to apply to a court for a declaration and directions as to how to proceed, would be, it seems to me, to unduly discourage the wise and beneficial use of the declaratory judgment procedure, and, without any statute permitting it, to penalize the insurer for taking the opinion of a court, not as a defendant refusing to do what it ought to do, but as a plaintiff wanting to know what it should do.

I do not doubt that Florida could enact a statute giving attorneys' fees against insurers who, as plaintiffs, sought advice from the court as to what to do, but I do not think it has passed such a statute. Neither do I think that it would want to enact one, penalizing an insurer who, as the insurer did here, while there was still plenty of time for it to assume and discharge its obligations, undertook merely to find out from a court what those obligations were.