86 So.2d 643 (1956)
VIRGINIA SURETY COMPANY, Incorporated, a corporation, Appellant,
v.
T.N. RUSS, Appellee.
Supreme Court of Florida. Special Division A.
April 4, 1956.
J. Thomas Gurney, Orlando, for appellant.
Rodgers & Kirkland, Orlando, for appellee.
O'CONNELL, Justice.
The appellant company challenges a judgment and verdict rendered against it in an action at law by appellee based upon a policy of insurance issued by appellant, covering vehicles used by appellee in his truck line.
The appellee was the owner of two trucks, which were insured under a policy of liability insurance issued by appellant. We shall identify the trucks as Truck A and Truck B. Truck B was following Truck A. Truck B had picked up a "hitchhiker". Truck A stopped and was struck by Truck B. The hitchhiker was killed. The father of the hitchhiker brought suit for wrongful death against the owner of the trucks. The declaration filed against appellee consisted of several counts. These counts separately alleged negligence on the part of appellee in the operation of Truck B, negligence on the part of appellee in the operation of Truck A, and then concurrent negligence in the operation of both trucks. The appellant insurer declined to defend the action and denied liability. Appellee obtained counsel and successfully defended the suit against him. Thereafter this suit was instituted by appellee to recover the attorney's fees he incurred in defending the principal suit for damages for *644 the death of the hitchhiker and attorney's fees incurred in bringing this suit, under the provisions of Section 625.08, F.S. 1953, F.S.A.
The policy here involved was what is described as a "fleet policy" of insurance, containing a provision that "when two or more automobiles are insured hereunder the terms of this policy shall apply separately to each." Sec. 4, Insuring Agreements. By an endorsement to the policy there is incorporated a passenger hazard exclusion in the following language:
"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the automobile."
It was the opinion of the court below that the paramount question of coverage should be decided in favor of the insured, the appellee, under the provision first above quoted, and a summary judgment to that effect, on the issue of liability only, was accordingly entered. We are referred to no decision to the contrary under such a policy, and the reasoning in support of this conclusion has considerable strength  to the effect that the insurer should not be permitted to invoke the exclusion clause where the claimant was a passenger in a vehicle other than the one alleged to have caused the accident. Clearly such would be the case where the injured person was a passenger in a third-party vehicle, and under Section 4, supra, the policy should have the same force and effect as if issued for each vehicle independently. If the latter proposition is true, as appellant would admit, in relation to maximum sums specified in the provisions for limitations of extent of liability, then it should be equally true on issues of coverage or exclusions.
It is true that the declaration charged negligence of the appellee in the operation of Truck B, in which the hitchhiker was riding, liability for which would not have been covered under the policy in question, because of the passenger hazard exclusion. But the declaration also charged negligence of the appellee in the operation of Truck A. If Truck A was the proximate cause of the accident, there would be no question as to liability on the part of the insurer, as it is clear that the passenger hazard exclusion clause could not be invoked to defeat liability for negligence in the operation of the truck in which the passenger was not riding. Only a trial could determine this issue. Therefore, it is our opinion that the appellant insurer had a duty to defend the action.
Appellant contends, secondly, that F.S. § 625.08, F.S.A., supra, does not authorize assessment of attorney's fees in a proceeding of this nature. But from a consideration of the literal terms of the statute, as well as its general objectives, it seems to have been plainly intended that an insured should not be forced to bear the cost of representation in such litigation with his insurer when it terminates favorably to him. The construction placed upon it in cases arising thus far lends support to the finding of the court below in this respect. Continental Cas. Co. v. Giller Concrete Co., 5 Cir., 116 F.2d 431; Phoenix Indemnity Co. v. Anderson's Groves, Inc., 5 Cir., 176 F.2d 246.
The remaining points urged, with respect to the propriety of certain instructions to the jury, do not appear to warrant reversal of the cause.
The judgment appealed from is therefore affirmed.
DREW, C.J., TERRELL, J., and DICKINSON, Associate Justice, concur.