**LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,**

v.

**RENUART–BAILEY–CHEELY LUMBER & SUPPLY CO., Appellee.**

No. 24676.

United States Court of Appeals
Fifth Circuit.

March 28, 1968.

Joseph F. Jennings, Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for appellant.

Francis Marion Pohlig, Law Offices of Edmond J. Gong, Miami, Fla., for appellee.

Before RIVES and GODBOLD, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

Florida Statutes § 627.0127, F.S.A., as amended July 25, 1967, provides in part as follows:

"Upon the rendition of a judgment or decree by any of the courts of this state against an insurer in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary, a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." 3 F.S.A. Sess. Laws '67, p. 787.

The Supreme Court of Florida en banc has said that,

"This statute is a part of the public policy of the State of Florida and its purpose is to discourage the contesting of policies in Florida Courts and to reimburse successful plaintiffs reasonably for their outlays for attorney's fees when a suit is brought against them, or they are compelled to sue, in Florida Courts to enforce their contracts."

Feller v. Equitable Life Assur. Soc., Fla. 1952, 57 So.2d 581, 586.

■ The Florida Statute thus reflects a substantial policy of the state which does not conflict with any federal statute [1] or rule of court, and the substance of that statute should therefore be followed in this diversity case.[2] Attorney's fees allowed under that and similar statutes have been approved by this Court.[3] We hold that the appellee is entitled to attorney's fees on appeal.

■ The district court in its judgment awarded $5,000.00 as a reasonable attorney's fee to plaintiff's attorneys. The appellee has submitted two affidavits, one expressing the opinion that a reasonable attorney's fee for services rendered by appellee's attorneys is $7,500.00, and the other fixing the figure at $8,000.00. The affidavits are somewhat ambiguous as to whether the said figures include the $5,000.00 allowed as attorney's fee in the trial court. In any event, the opinions expressed in the affidavits are intended merely as an aid to the Court and not to be binding. We do not consider this Court bound by the procedural direction of the Florida Statute, that the appellate court shall adjudge the fee on appeal. However, this Court is probably in better position than the district court to adjudge the amount of such fee. Under all of the facts and circumstances of this case, we think that a reasonable fee to the attorneys for the appellee for their services on appeal would be $3,000.00, so that the total fee allowed attorneys for plaintiff-appellee throughout the course of this litigation would be $8,000.00. It is therefore so ordered.

The mandate heretofore issued is recalled [4] and the opinion and decision of this Court is modified accordingly.

1. The federal statute most nearly applicable seems to be 28 U.S.C.A. § 1920 relating to the taxation of costs.

2. See 6 Moore's Federal Practice, 2nd ed. ¶ 54.77 [2], pp. 1354, 1355; 3 Barron & Holtzoff Federal Practice & Procedure, Rules Edition, § 1197, p. 68.

3. Continental Casualty Co. v. Giller Concrete Co., 5 Cir. 1940, 116 F.2d 431, 433; Phoenix Indemnity Co. v. Anderson's Groves, 5 Cir. 1949, 176 F.2d 246, 248; Stuyvesant Insurance Co. of New York v. Nardelli, 5 Cir. 1961, 286 F.2d 600, 605;' Empire State Insurance Co. v. Chafetz, 5 Cir. 1962, 302 F.2d 828; Nello L. Teer Co. v. Hollywood Golf Estates, Inc., 5 Cir. 1963, 324 F.2d 669, 673.

4. See Rule 32, Fifth Circuit.