Jerry VAN PENDLEY et ux., Plaintiffs-Appellants,

v.

The FIDELITY AND CASUALTY COMPANY OF NEW YORK, Defendant-Appellee.

No. 71–1016.

United States Court of Appeals, Fifth Circuit.

April 24, 1972.

Rehearing Denied June 1, 1972.

---

Maurice Amidei, Dallas, Tex., for plaintiffs-appellants.

M. Hendricks Brown, Brown, Crowley, Simon & Peebles, Fort Worth, Tex., for defendant-appellee.

Before AINSWORTH, INGRAHAM and RONEY, Circuit Judges.

INGRAHAM, Circuit Judge:

This appeal arises from the grant of a judgment non obstante veredicto in a suit by appellant Jerry Van Pendley against appellee, The Fidelity and Casualty Company of New York. Appellant had previously filed suit against appellee's insured, Homer Thomas, and had received a judgment of $15,000 for personal injuries and other damages sustained by him when Thomas' car rolled back into him. Appellant filed this action against the insurer in a state court as a third party beneficiary to the insurance contract between appellee and Thomas. Appellee removed the action to the federal court on diversity grounds. The substantive law to be applied in this Erie case is that of Texas.

In the underlying state court action against Thomas, appellant proved that while he and a passenger in his automobile were driving on a road near his home, they came upon a neighbor, Homer Thomas, whose car was stalled in the ice and snow on a hill. At such time the snow was still falling. Appellant stopped his car behind Thomas' on the hill and offered to provide some assistance. Thomas accepted and with appellant walking back toward his car, Thomas allowed his car to roll back down the hill toward appellant. Appellant was caught by the rear bumper of the Thomas vehicle and pinned between it and the front bumper of his own automobile. Thomas' car found the needed traction and with its engine roaring shot forward up and over the crest of the hill. Appellant sustained two broken legs in the accident.

The record on this appeal indicates that in the underlying state court action against Thomas, Thomas defended on the theory that appellant had been injured when his own car, driven by his passenger, came up behind the Thomas vehicle to give it a push. While the jury in the state court did not agree with Thomas' views of the accident, the question of whether Thomas reasonably believed that he had been involved in an accident was presented to the federal jury on the issue of whether Thomas had complied with the notice requirements of his insurance policy. It was undisputed that his insurance company, the appellee herein, was not actually notified of the accident until Thomas forwarded the complaint in the original action and tendered the defense.

The insurance contract notice provisions at issue provide:

"In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. . . .

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy . . ."

The policy provisions here, as in State Farm Mutual Automobile Ins. Co. v. Coleman, 441 F.2d 329 (5th Cir., 1971), required that the insured (Mr. and Mrs. Thomas) give notice within a reasonable time after they knew, or through the exercise of reasonable diligence should have known, of the occurrence of an accident. In *State Farm, supra*, at page 331, it is stated that as a general rule:

"What is a 'reasonable time' depends upon the facts and circumstances of the case, measured by an objective standard from the viewpoint of the ordinary policyholder. Phoenix Indemnity Co. v. Anderson's Groves, 176 F.2d 246 (5th Cir. 1941); Young v. Travelers Ins. Co., 119 F.2d 877, 880 (5th Cir. 1941); Maryland Cas. Co. v. Sammons, 99 F.2d 323 (5th Cir. 1938); 8 Blashfield, Automobile Law & Practice, § 342.3.

"If the insured does not know that an accident has occurred, he has no duty to report it. *Standard Accident, supra*, 103 F.2d at 501. If he knows that there has been an occurrence, an impact, but it is so trivial in nature that the ordinary prudent person acting reasonably would consider it as so inconsequential as not to afford the basis for a claim or give rise to a claim, there is no duty to report. *Phoenix Indemnity, supra*, 176 F.2d at 247."

As we recently noted in Abilene Savings Ass'n v. Westchester Fire Ins. Co., 461 F.2d 557 (5th Cir., 1972):

"The general rule in Texas is that furnishing timely proof of loss, where such is an express requirement of an insurance contract, is a condition precedent to recovery in the absence of waiver or estoppel." Members Mutual Ins. Co. v. Cutaia, 476 S.W.2d 278 (Tex., 1972).

While it is a harsh rule to which the Texas Supreme Court has committed us, it is a rule which recognizes that mitigating circumstances may exist which call for the invocation of the doctrinal policy against forfeitures. Abilene Savings Ass'n v. Westchester Fire Ins. Co., *supra*, at ——. For the insured to prevail (Van Pendley here cannot assert any better claim than the insured), he must present evidence of a reasonable and legally sufficient excuse for failing to provide the notice of loss within the time allowed by the insurance contract,[1] Abilene Savings Ass'n v. Westchester Fire Ins. Co., *supra*, at note 4; Love v. Northwestern National Life Ins. Co., 119 F.2d 251 (5th Cir., 1941), or he must be able to show by a preponderance of the evidence that the Thomases gave notice within a reasonable time after they knew of the accident and that they did not know of the accident until they received the summons issued in the state action.

At the close of appellant's case the district court was of the mind that appellant had failed to sustain his burden of proof. Wisely, however, he utilized the procedure approved in Malone & Hogan Hospital Foundation v. Boston Ins. Co., 378 F.2d 362 (5th Cir., 1967), and submitted all possible fact questions to the

---

1. "No stipulation in a contract requiring *notice* to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such *stipulation* is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety (90) days shall be void . . . ." (emphasis added) Vernon's Ann.Tex.Civ.St., Art. 5546.

jury. The jury in this case was charged to answer a single unobjected to interrogatory:

"Do you find from a preponderance of the evidence that notice of particulars sufficient to identify the insured Homer Lee Thomas, and reasonably obtainable information with respect to time, place and circumstance of the accident in question which occurred on February 22, 1968, and the names and addresses of the injured party and of all available witnesses, was given by the insured, Homer Lee Thomas, as soon as practicable after the happening of the accident?"

The jury replied:

"Such notice was so given."

The court thereupon discharged the jury and favorably entertained appellee's motion for judgment non obstante veredicto.

■ While the underlying substantive law in this Erie case is that of the State of Texas, we apply a federal test for the sufficiency of the evidence to create a jury question. Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir., 1969). That test was articulated in Boeing as follows:

"On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for

the jury. The motions for directed verdict and judgment n. o. v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury question. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." 411 F.2d 365, 374–375.

While the application of the *Boeing* standard to a question of whether notice was promptly given is in most instances a jury issue, *State Farm, supra,* an examination of the entire record before us, giving appellant as the non-moving party the benefit of every inference, leads us to agree with the district court that the evidence that Thomas and his wife knew they had been involved in a serious accident in which appellant had been injured was overwhelming. Appellant introduced Homer Thomas' deposition from the underlying state court proceeding in which he had been an adverse party to appellant. That deposition clearly establishes that Thomas knew of the occurrence within two days. Moreover, the testimony of Mrs. Thomas, called by appellee as an adverse witness, was that she also had personal knowledge within two or three days of the occurrence and of her involvement in it. The notice of loss, however, was not submitted until several months thereafter. The evidence in this case clearly supports a finding of actual knowledge and undue delay in reporting a known serious accident. There is not even a scintilla of evidence of mitigating circumstances. The jury's verdict for appellant in this case is clearly contrary to the manifest weight of the evidence and a judgment n. o. v. was entirely proper.

■ We have considered appellant's arguments concerning the applicability of the Texas dead man's statute, V.A. T.S., Art. 3716, and have assumed for the sake of discussion that this eviden-

tiary rule would be applied by a federal court sitting in a diversity case (a proposition to which there is considerable doubt), and we find it inapplicable to the facts of this case. This was not an action by or against an estate and, moreover, the witness called to testify to material assertedly inadmissible under the dead man's statute was called by the opposing party, an exception to the prohibition contained in the act itself.[2] Appellant's remaining evidentiary argument is without merit.

The judgment of the district court is affirmed.

2. "Art. 3716. In actions by or against executors, etc.

In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."